(50 South. 526.)

No. 17,903.

BALDWIN LUMBER CO., Limited, v. TODD et al.

In re BALDWIN LUMBER CO., Limited.

(Oct. 18, 1909.)

1. SERVITUDES—INJUNCTION TO PROTECT.
An injunction based on an implied right of passage is properly refused, where it does not appear that the alleged place and mode of passage has been fixed by consent of parties or a judgment of court.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 134, 135; Dec. Dig. § 61.*]

2. SERVITUDES—IMPLIED RIGHT OF PASSAGE.
An implied right of passage cannot exist, where a special place and mode of passage have been fixed by contract.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 45–49; Dec. Dig. § 17.*]

3. PLEADING (§ 306*)—OYER.
Where an action is founded on certain deeds not annexed to a petition for injunction, the defendant in a rule to show cause has the right to oyer of the documents as constituting a part of the petition.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 918–929; Dec. Dig. § 306.*]

4. MANDAMUS (§ 37*)—GROUNDS OF RELIEF—GRANTING OF INJUNCTION.
Mandamus will not lie to compel the granting of an injunction, except on the clear disclosure of one of the special grounds set forth in article 298 of the Code of Practice.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 81, 82; Dec. Dig. § 37.*]

(Syllabus by the Court.)

Action for an injunction by the Baldwin Lumber Company, Limited, against Nathan K. Todd and others. The injunction prayed was denied, and plaintiff applies for writs of mandamus and certiorari. Application dismissed.

Borah & Himel, for relator. Allen & Pecot, for respondents.

LAND, J. Plaintiff, claiming to be owner and possessor of all the cypress timber standing, lying, and being on certain swamp lands belonging to the defendants, and alleging that its employés had recently entered on said property for the purpose of laying the foundation of its railroad for skidding and removing said timber, and had been disturbed in said work, and ordered off the premises, and threatened with arrest by the defendants, instituted an injunction suit to restrain them from interfering with the plaintiff company in its works and operations in building its roadbed and skidder, and cutting and remov-

ing said timber from said lands in its alleged customary manner.

The plaintiff set forth its titles to said timber from the defendants through mesne conveyances by reference to a number of deeds, which were not annexed to the petition, and by virtue of its alleged ownership of said timber claimed the implied right to construct and operate a railroad and skidder on and through the lands of the defendants for the purpose of cutting and removing said timber.

The judge below declined to grant an ex parte injunction, but ordered a rule nisi to issue. Thereupon the plaintiff company applied to the Supreme Court for writs of mandamus and prohibition; but this court refused to interfere with the hearing of the rule nisi, and dismissed plaintiff's application. See Record, No. 17,841.

For answer to the rule the defendants excepted that the petition on its face disclosed no grounds for an injunction. Defendants further prayed for oyer of the deeds referred to in the petition. This prayer was granted. For answer to the rule, defendants averred that by contract with their vendee and plaintiff's author it was stipulated that the timber sold was to be removed by means of a canal of certain dimensions to be constructed through the swamp lands of the defendants; that said canal was dredged, so as to connect with a navigable stream, and can be used for the purpose of removing said timber.

On the trial of the rule, the defendants offered in evidence the deeds referred to in plaintiff's petition.

The deed of sale from the defendants to their original vendee contains the following recital:

"The right is hereby granted said vendee company to dredge its canal through any portion of said above-described swamp land, and privilege is reserved to said vendor to drain into said canal as he may deem necessary."

124 LA.—18

By supplemental contract the course of the canal and its dimensions were fixed, for the purpose of drainage, pulling and floating timber through the defendants' plantation, reserving their right to cut branch canals into the main canal for the purpose of draining their lands.

Plaintiff purchased the timber in question, "with the right to use the canal which has been dug or may be dug on or through said property, or any portion thereof, for the purpose of getting the timber from said lands."

On the showing thus made the judge refused to grant the injunction prayed for by the plaintiff company, which thereupon filed the application for writs of mandamus and certiorari now under consideration.

Relator's case is based on the proposition that the judge below had no discretion to refuse the injunction or to inquire into the facts of the case, because the petition disclosed on its face one of the statutory causes for injunction set forth in article 298 of the Code of Practice, to wit:

"When the defendant disturbs the plaintiff in the actual and real possession which such plaintiff has had for more than one year either of real estate or of a real right, of which he claims either the ownership, the possession, or the enjoyment."

The allegations of the petition for injunction show that the plaintiff's cause of action is founded on an implied right of passage on and over the plantation of the defendants. The title deeds of the plaintiff, which should have been annexed to the petition, disclose that the mode and place of passage had been fixed in the contract of sale between the defendants and the original purchaser of the timber. It is obvious that under its own title deeds plaintiff has no implied right of passage as claimed in the petition. But, conceding such implied right, it does not follow that it vested in the plaintiff the right to select the place and mode of passage most convenient for its own purposes without con-

sulting the defendants. On the contrary, the law provides that the passage must be fixed in the place least injurious and inconvenient to the owner of the soil, provided it afford the same facility for the owner of the servitude. Civ. Code, arts. 700–703. It is equally obvious that an implied right of way cannot be exercised until it is fixed by consent of parties or judgment of the court.

The title deeds of the plaintiff, however, show that the place and mode of passage was fixed by contract. It follows that the alleged implied right of passage did not exist, and the injunction prayed for was properly refused.

The argument for plaintiff is based entirely on the allegations of the petition, exclusive of the recitals of the title deeds not annexed thereto as required by the rules of practice, and on the proposition that it was the mandatory duty of the judge to grant the injunction on the showing thus made.

This court, in refusing plaintiff's first application for mandamus, virtually held that the judge acted properly in issuing a rule to show cause why the injunction should not be granted. Defendants appeared, and prayed for oyer of the deeds on which the action was founded, and the judge properly ordered their production as an essential part of the pleadings. Code Prac. arts. 174, 175.

It is therefore ordered that the rule nisi herein be recalled, and that the application of relator be dismissed, with costs.