(78 South. 970)

No. 21279.

DELOUCHE v. ROSENTHAL (DELOUCHE, Warrantor).

(May 27, 1918.)

*(Syllabus by Editorial Staff.)*

1. APPEAL AND ERROR ⬤=878(1)—REVIEW—PARTIES ENTITLED—APPELLEES.

Where plaintiff in a petitory suit alone appealed, and defendant and the warrantor did not pray for an amendment, the judgment against them or either of them is not reviewable.

2. EVIDENCE ⬤=65—PRESUMPTION—KNOWLEDGE OF LAW — "EVERY ONE KNOWS THE LAW."

The presumption that every one knows the law means, particularly if not merely, that every one is presumed to know what laws have been promulgated, and not that every one is in bad faith who does not know how a court of last resort is going to construe the law.

3. PROPERTY ⬤=10 — "POSSESSOR IN GOOD FAITH" — STATUTE — "JUST REASON TO BELIEVE."

As used in Civ. Code, art. 3451, defining "a possessor in good faith" as one who has just reason to believe he is the owner of the property he possesses, although he may not be in fact, the term "just reason to believe" does not mean having a reason supported by law.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Possessor In Good Faith.]

4. VENDOR AND PURCHASER ⬤=231(2)—"POSSESSOR IN BAD FAITH"—STATUTE.

Under Rev. Civ. Code, art. 3452, declaring that a "possessor in bad faith" is one who has assumed the quality of owner or master well knowing that he has no title or that his title is defective, bad faith is not to be imputed to a purchaser merely because an examination of the records would have disclosed a defect in the vendor's title.

5. DEEDS ⬤=3—"DEED VALID IN FORM."

What is meant by a "deed valid in form" or prima facie translative of property is one that has no defects apparent upon its face.

6. INFANTS ⬤=39—MINORS—SALE OF LAND—ORDER—FAMILY MEETING.

Where property belonging jointly to major and minor children of a deceased was sold by the natural tutrix of the minor children under an order of court, but without the advice of a family meeting to pay succession debts, one of such minors suing after his majority, was entitled to his interest in the property so sold.

7. INFANTS ⬤=41—MINORS—SALE OF LAND—VALIDITY OF DEED—BAD FAITH.

In such case the purchaser at such sale, by the tutrix acquired a title prima facie valid, and was not a purchaser in bad faith merely because his title was invalid.

8. REAL ACTIONS ⬤=8(4, 5) — PETITORY ACTIONS—JUDGMENT—RENTS—IMPROVEMENTS—POSSESSION.

In a petitory suit by one whose interest in land had been sold by his mother as his natural tutrix during his minority, defendant, a possessor in good faith, was properly adjudged to pay rents and revenues only from the date of the judicial demand and permitted to retain possession until the improvements were paid for; and plaintiff had no right to elect whether he would pay for the improvements or require the defendant to remove them.

9. DESCENT AND DISTRIBUTION ⬤=125—SUCCESSION—DEBTS OF SUCCESSION—LIABILITY OF HEIR.

A petitory suit by one whose one-fourth interest in a succession had been sold by his mother as his natural tutrix during his minority against the purchaser for his share was an acceptance of the succession, and rendered plaintiff liable for one-fourth of the debts of the succession.

10. LIMITATION OF ACTIONS ⬤=83(2) — PRESCRIPTION—DEBT OF SUCCESSION—POSSESSION OF PROPERTY IN SATISFACTION OF DEBT—SUSPENSION.

The prescription against the debt of a succession for which the property was sold to the creditor was interrupted or suspended while the creditor held possession of the property in satisfaction of the debt.

11. REAL ACTIONS ⬤=8(3) — PETITORY ACTIONS—RECOVERY—REIMBURSEMENT TO DEFENDANT.

In a petitory suit to establish title to a fourth interest in a tract of land in defendant's possession which had been adjudicated to plaintiff's mother in part satisfaction of a debt from her husband's succession and by her conveyed to defendant, plaintiff could not be condemned to reimburse the defendant for a debt due by the succession to his mother, defendant having no right to subrogation to the claim of the mother against the succession, and no such right being claimed by answer.

Provosty, J., dissenting in part.

Appeal from Eleventh Judicial District Court, Parish of Natchitoches; W. T. Cunningham, Judge.

Petitory suit by Numa Delouche against Philip Rosenthal, coupled with a claim for rent and revenues from the property, in

which defendant filed a reconventional demand and called his vendor, Mrs. Fanny Delouche, in warranty. Judgment for plaintiff, including a judgment for rents and revenues, and judgment for defendant on his reconventional demand for improvements, taxes, etc., and against his warrantor, and plaintiff appeals. Judgment amended, and as amended affirmed.

Smith & Dismukes, of Natchitoches, for appellant and Fanny Delouche. Breazeale & Breazeale, of Natchitoches, for appellee.

O'NIELL, J. Judgment was rendered in favor of the plaintiff recognizing his title to a fourth interest in two tracts of land in the defendant's possession, according to the prayer of plaintiff's petition, and allowing him a fourth of the rents and revenues of the property from the date of judicial demand. Judgment was rendered at the same time in favor of the defendant on his demand in compensation: (1) For a fourth of the value of the improvements he had made to the property; (2) for a fourth of the amount he had paid for taxes on the property; (3) for a fourth of a certain debt due to the defendant by the succession of the plaintiff's father, which debt was a part of the consideration for which one of the tracts of land was bought by defendant from the succession; and (4) for a fourth of a certain debt that the plaintiff's deceased father had owed to the widow, plaintiff's mother, who was called in warranty in this suit. The warrantor was condemned to return to the defendant a fourth of the price he had paid for the tract of land he had bought from her, which she had bought from the succession of the deceased father of plaintiff. Pleas of prescription of three, five, and ten years urged by the plaintiff against the debt claimed by defendant were overruled. It was decreed that the defendant was a possessor in good faith, and therefore should not be required to deliver to the plaintiff his fourth interest in the property until payment of the judgment of compensation.

[1] The plaintiff alone has appealed; and, as the defendant and his warrantor have not prayed for an amendment, the judgment against them, or either of them, is not now subject to review.

The appellant in his assignment of errors makes the following complaints, viz.:

(1) That the defendant should be declared a possessor in bad faith, and, as such, should be condemned to pay the fourth of the rents and revenues for the entire period of his possession, should not be allowed compensation for the improvements unless plaintiff elects to keep them, and should not be allowed to retain plaintiff's property until payment of compensation.

(2) That plaintiff should not be condemned to pay as compensation the fourth of the debt claimed by defendant against the succession of plaintiff's father.

(3) That plaintiff should not be condemned to pay to defendant the fourth of the debt that plaintiff's father owed his mother.

(4) That, if plaintiff's father ever owed the debts claimed by defendant, they are prescribed.

The land in question belonged to the plaintiff's father, being a part of his separate estate. He died in 1894, leaving a widow, two major daughters, and two minor sons, the plaintiff being one of them. The widow qualified as natural tutrix of her two minor children in 1896, and, alleging that she was administering the estate as tutrix, obtained an order to sell the property to pay the creditors of the succession, who were demanding payment. Among the debts was one of $1,000 due to the widow for her separate funds received and spent by her husband, and a mortgage note and an open account due to the defendant. No administrator was appointed

nor family meeting held to authorize the sale. One of the tracts of land in question was adjudicated to the defendant at a price exceeding the amount of the debt due him, and he paid the excess in cash. The property had been inventoried as community property, for the record showed nothing to the contrary; but the evidence in this case shows that it was a part of the separate estate of the deceased. The other tract of land was adjudicated to the widow, in part satisfaction of the debt due her; and she sold the property to the defendant five years afterwards. This suit was filed in 1914, when the plaintiff was between 26 and 27 years old, the defendant having held actual possession, as owner longer than 10 years, under titles apparently conveying the property.

[2, 3] The most important question presented is whether the defendant's possession was in good or bad faith. It is not denied that he was in good faith in the broad sense that he bought the property in all fairness, for an adequate consideration, and believed he acquired a valid title. The argument of the learned counsel for appellant is that the defendant's faith in the validity of his title was founded, not upon ignorance of any fact, but upon ignorance of the law. They say in their brief:

"Plaintiff contends that Rosenthal is in bad faith legally, and grants that he may have been in the utmost moral good faith. His mistake was one of law, and, as all are presumed to know the law, he is bound to have known the defects of his title. 'Ignorantia legis non excusat.'"

The presumption that every one knows the law means, particularly if not merely, that every one is presumed to know what laws have been promulgated, not that every one is in bad faith who does not know how a court of last resort is going to construe the law. If the maxim, "Ignorantia legis non excusat," applies to a possessor who has bought the property fairly, for an adequate consideration

and in ignorance of any fact affecting the validity of his title, we can never say that a defendant in a petitory action was a possessor in good faith if we declare his title invalid. Under that doctrine every unsuccessful appellant would be held to have taken his appeal in bad faith.

Article 3451 of the Civil Code defines the "possessor in good faith" as one who has just reason to believe he is the owner of the property he possesses, although he may not be in fact, and gives the illustration of one who buys property that he supposes belongs to the seller although in fact it belongs to another. Having "just reason to believe" does not mean having a reason supported by law. If it did, the only possessor in good faith would be one whose belief or faith in the validity of his title is well founded.

[4, 5] A "possessor in bad faith" is one who has assumed the quality of owner or master, well knowing that he has no title, or that his title is vicious and defective. R. C. C. 3452.

Bad faith is not to be imputed to a purchaser merely because an examination of the records would have disclosed a defect in the vendor's title. What is meant by a deed valid in form, or prima facie translative of property, is one that has no defect apparent upon its face. Pattison v. Maloney, 38 La. Ann. 885; Heirs of Ford v. Mills & Phillips, 46 La. Ann. 339, 14 South. 845; Guarantee Trust Co. v. Drew Inv. Co., 107 La. 252, 31 South. 736; Blair v. Dwyer, 110 La. 337, 34 South. 464.

[6, 7] Appellant relies upon the decision in Deshotels v. Lafleur, 134 La. 1052, 64 South. 905, where property that belonged jointly to major and minor children of the deceased, as in this case, was sold by the natural tutrix of the minor children, at public auction, under an order of court, to pay succession debts, without the advice of a family meeting.

The decision cited is authority for the

judgment rendered in this case, recognizing the plaintiff's title to a fourth interest in the property sold by the tutrix; but it is also authority for holding that the purchaser at such sale acquired a title prima facie valid, and is not a purchaser in bad faith merely because his title was invalid. On the question of good or bad faith the decision is entirely against the contention of appellant; for the court held that, as to the heirs of age, the sale should be given the effect of a probate sale, conveying a prima facie valid title, under which the purchaser, in good faith, was protected by the prescription of ten years.

[8] Our conclusion is that the defendant was and is a possessor in good faith, and that the judgment is correct: (1) In so far as it condemns him to pay rents and revenues only from the date of judicial demand; (2) in so far as it denies the plaintiff the right to elect whether he will pay for the improvements or require the defendant to remove them; and (3) in so far as it permits the defendant to retain possession until the improvements are paid for.

[9] We find no merit in the second complaint in the assignment of errors; that is, that the defendant should not be compensated for a fourth of the debt which the plaintiff's father owed the defendant and which was a part of the purchase price of one of the tracts of land in question. This suit was an unconditional acceptance of the succession on the part of the plaintiff, and rendered him liable for one-fourth of the debts of the succession. R. C. C. 988; Brashear v. Conner, 29 La. Ann. 347; Hickman v. Dawson, 33 La. Ann. 442; Ledoux's Heirs v. Lavedan, 52 La. Ann. 354, 27 South. 196.

[10] Our opinion is that prescription against the debt for which the property was sold to the defendant was interrupted or suspended while the defendant held possession of the property in satisfaction of the debt. It is well settled that the holding of property in one's possession as a pledge to secure a debt suspends prescription against the debt, whether the pledge be statutory or conventional; and we think the same rule should apply to the holding of possession by purchase of property in satisfaction of a debt. Article 3178, R. C. C., referring to the contract of antichresis, declares that a debtor cannot regain possession of immovable property that has been pledged without having paid the debt; and we think the same rule should apply to a debtor whose property has been sold in satisfaction of a debt, and to his legal representative who has assumed the debt.

[11] The third complaint in the assignment of errors is well founded. We see no reason whatever for condemning the plaintiff to reimburse the defendant for a debt that was due by the succession of the plaintiff's father to the plaintiff's mother. The defendant had no right of subrogation to the claim of the plaintiff's mother against the succession of her husband; nor does it appear that the defendant claimed such right in his answer to this suit. The balance due on the debt was $171.37.

The judgment appealed from is amended by reducing the amount allowed the defendant on his demand in compensation $171.37, and, as amended, the judgment is affirmed. The defendant, Rosenthal, is to pay the costs of appeal.

PROVOSTY, J., does not concur in the view expressed as to presumption of knowledge of law, but otherwise concurs in the decision.