No. 3735

Second Circuit

---

EZERNACK v. EZERNACK

---

(November 18, 1931.  Opinion and Decree.)

---

R. A. Fraser, of Many, attorney for plaintiff, appellant.

Boone & Boone, of Many, attorneys for defendant, appellee.

CULPEPPER, J. Plaintiff proceeded by rule for an injunction restraining defendant from interfering with the passage by plaintiff and the members of his family upon, over, and across defendant's land from the home of plaintiff out to the nearest public highway, alleging that a passageway across the land of defendant is the only possible and practical way for plaintiff to get to the highway. Plaintiff alleges that for more than twenty years there had been a private road continuously open and used by and for the benefit of his property and home over and across defendant's said property; but that recently defendant closed and obstructed said private road without any right so to do, greatly to the damage of plaintiff and his family and tenants. Plaintiff represents that writ of injunction is necessary to protect his rights in the premises, and, accordingly, prayed for and obtained a rule upon defendant to show cause why the alleged closed road and passageway should not be opened to the use of plaintiff and the occupants of his land and premises, and why an injunction should not issue perpetually restraining defendant from in any manner interfering with the free use of said passageway; and ordering defendant to remove therefrom all obstructions placed thereon. He prayed for recognition and enforcement of his alleged right of passage and way over and across defendant's land, also that his right be reserved to sue defendant for damages for illegal interference with his alleged rights.

Defendant filed an exception of no cause or right of action, which was tried and referred to the merits by the court. Defendant, reserving his rights under the exception, filed answer of general denial, and the case was thereupon tried on the merits, after which the court rendered judgment sustaining the exception of no cause or right of action, recalled the rule, and dismissed plaintiff's suit with costs. Plaintiff has appealed.

Defendant urges his exception of no cause or right of action before this court. If the exception is good, and we believe it is, a determination of that question will dispose of the case. Counsel quotes Civ. Code, art. 699, in support of the exception, wherein it provides that the owner of an estate which is inclosed, and who has no way to a public road, may claim the right of passage on the estate of his neighbor to the nearest public road and shall have the right to construct a road over the land of his neighbor, but he shall be bound to indemnify his neighbor in proportion to the damage he may occasion. Counsel

points out that plaintiff has in no way stated or indicated in his petition that he had offered to pay or had any intention to pay defendant for the land for use as a road or passageway; that under the law this would have to be done before plaintiff would have the right to sue for a right of way.

Plaintiff, on the other hand, claims and sets out in his petition:

"That for more than twenty (20) years there has been a private road and right of passage continuously open and used by and for the benefit of petitioner's said property over and across" the property of defendant. And defendant "has recently closed and obstructed said private road * * * without any right so to do."

Plaintiff claims that a road or passageway had long since been established, not by deed of course, but by the voluntary act of defendant; and that plaintiff having availed himself of the use of the passageway for a number of years, the right to use the same has become vested in plaintiff, hence when defendant closed up and obstructed the passageway it amounted to a violation of plaintiff's vested rights, in consequence of which plaintiff has the right to require defendant to again open up the alleged passage or road and be enjoined from closing it or interfering with plaintiff's right to pass over same.

Plaintiff nowhere in his petition alleges that the location of this road or passage has been fixed by and between him and defendant; does not allege that there has ever been any express agreement by and between them regarding the passageway or the right on the part of plaintiff to use it. Plaintiff evidently, from the allegations in his petition, relies upon an implied right to use the way by reason of the allegation that there existed the road or way, that he had been using it, therefore has the right to continue same unmolested.

In Baldwin Lbr. Co., Ltd., v. Todd, 124 La. 543, 50 So. 526, the court held, quoting syllabus by the court:

"An injunction based on an implied right of passage is properly refused, where it does not appear that the alleged place and mode of passage has been fixed by consent of parties or a judgment of court."

The court held in that case that under Civ. Code, arts. 700-703, an implied right of way cannot be exercised until it is fixed by consent of parties or judgment of court.

In Wemple v. Eastham, 150 La. 247, 90 So. 637, the court held that:

"Owners of an inclosed estate are not entitled to a right of passage unless the parties agree upon its location, and upon the compensation to be first paid, or until location of the servitude and the compensation to be first paid shall have been fixed by a judicial decree, under Civ. Code, arts. 699, 700, 702."

The trial judge in the present case had the benefit of the testimony adduced upon trial on the merits. He evidently found no evidence of any agreement, verbal or otherwise, having ever been entered into by and between plaintiff and defendant fixing a passageway over defendant's land for plaintiff to use. We have read the testimony in the record with this object in view, and we fail to find any such agreement. There is none set forth in any of the various title deeds filed in evidence. Plaintiff has proceeded by rule for an injunction to restrain defendant from interfering with what is shown to be merely an implied right. Under the decisions cited and quoted above, an injunction will not lie. The judgment of dismissal by the lower court as in case of nonsuit, we think, is correct, and is therefore affirmed.