O’NIELL, Chief Justice.
 

 This suit was brought against fourteen doctors and two dentists, to
 
 compel each
 
 of them to pay a seventeenth part of 27 monthly installments of $641.70 each, which the plaintiff alleged he had paid to the Monroe Building & Loan Association, on a mortgage note of $50,000, which the Riverside Sanitarium owed to the association, and which the plaintiff alleged he and the sixteen defendants in solido had guaranteed the payment of. He alleged that the guaranty given by him and the sixteen defendants was evidenced by a written instrument delivered to the Monroe Building & Loan Association with the mortgage note of $50,000, and that he had paid the 27 installments of $641.70, stipulated in the act of mortgage, with the knowledge and consent of the sixteen co-obligors, and because the Riverside Sanitarium, maker of the $50,000 mortgage note, was financially unable to meet the monthly payments as they matured.
 

 The defendants filed an exception of vagueness and a prayer for oyer of the alleged contract of guaranty. The plaintiff, answering the prayer for oyer, alleged under oath that the document was “not in his possession or under his control.” The defendants then filed a motion to have the suit dismissed, unless the plaintiff should, within a reasonable time to be fixed by the court, either produce the instrument sued on or show that it was not availably. The judge rendered an order declaring that the defendants’ prayer for oyer would be dismissed if, within ten days, the plaintiff should either produce the instrument sued on, or state specifically the contents of the instrument and show that it could not be produced; and, in his order, the judge declared that, if the plaintiff should fail to produce the instrument within ten days, and fail also to state specifically the contents of the instrument and to show that it could not be produced, the suit would be,, dismissed. At the expiration of fifteen days, the plaintiff having failed to produce the instrument sued on, and having failed to allege specifically the contents of the instrument, and to show that it could not be pro
 
 *1005
 
 duced, the judge, on motion of the defendants, signed a judgment, reciting the plaintiff’s failure in that respect, and dismissing the suit. The plaintiff has appealed.
 

 Article 175 of the Code of Practice declares that, in a suit on an instrument under private signature, if the defendant prays for oyer .of the instrument, the judge shall order the plaintiff to file it within a reasonable delay, and in default of the plaintiff’s complying with the order his suit shall be dismissed. The plaintiff here urges two reasons for his contention that article 175 of the Code of Practice is not applicable to the case, viz.: First, that the alleged guaranty is not a contract between the plaintiff and the defendants, but a contract between the plaintiff and defendants on the one side and the Monroe Building
 
 &
 
 Loan Association on the other side; and, second, that the instrument evidencing the contract is not in the possession or under the control of the plaintiff, but is in the possession and under the control of the building and loan association, the only party entitled to have possession of it. The fact that the alleged contract is said to be a contract between a third party and the parties to this suit, and not a contract between the plaintiff and the defendants, does not affect the right of the defendants to see the contract before they file an answer or other plea to the suit. The right of the plaintiff to maintain his suit depends upon the alleged contract, and upon the allegation that the contract created a solidary obligation among the parties to it. The fact — if it was a fact— that the instrument was in the possession of the building and loan association did not signify, necessarily, that the instrument was not available for the purpose of this suit. If it was not available, and if therefore the plaintiff had to rely upon secondary evidence of the contents of the instrument, the defendants were entitled to be duly informed thereof.
 

 Considering that a plaintiff’s allegations in a suit on a written instrument are controlled by the
 
 instrument
 
 itself,
 
 it is
 
 highly important that the defendant in such a suit should see the instrument before being compelled to answer or otherwise plead to the suit. The defendant in such a case, before answering, may plead that the plaintiff has no cause or right of action; and, for that purpose, if for no other purpose, the defendant has the right to see the instrument itself, and thus to confine the issues presented, to the very words of the instrument, before filing his plea. Baldwin Lumber Co. v. Todd, 124 La. 543, 50 So. 526.
 

 The judgment is affirmed. .