PETERS v. CRAWFORD.

No. 5801.

Court of Appeal of Louisiana.
Second Circuit.

Jan. 10, 1939.

be in defendant, of the following described land in Morehouse Parish:

S⅕ of NE¼ of SW¼ and S⅕ of the NW¼ of SE¼ of Section 21, Township 22 North, Range 8 East, containing 16 acres, more or less.

He alleges that he purchased this land with other tracts adjacent from Mrs. Eliza Humphrey et.al on December 10, 1935, according to deed registered in Conveyance Book 82, folio 446, of the records of Morehouse Parish.

Defendant admits he has no deed to the lands, but avers that in September, 1903, he went into the actual and physical possession of the said S⅕ of NE¼ of SW¼, Section 21, containing eight acres, more or less, under the belief that he had purchased same from W. P. Humphrey; that by the 1st of December, 1905, he had the entire tract fenced, partly cleared of timber and partly in cultivation; had erected thereon a residence in which he lived, and the usual farm outhouses; that such possession and occupancy has continued without disturbance or interruption since its incipiency. He avers that by virtue of his alleged thirty years' possession of this 8-acre tract, he has acquired ownership thereof, and specially pleads the prescription of thirty years' acquirendi causa in bar of the claim thereto set up by plaintiff.

Defendant further alleges that he purchased the SW¼ of SE¼, Section 21, Township 22 North, Range 8 East, in 1916 from J. B. McKoin and, thinking and believing that the eight acres described as S⅕ of NW¼ of SE¼ of that section was covered by that 40-acre tract, went into possession thereof, cleared it of timber, fenced and otherwise improved it. He does not assert title or ownership to this tract through possession or prescription or otherwise.

In the alternative, defendant avers himself to be a possessor in good faith and, in the event of eviction from any or all of said two 8-acre tracts, prays for judgment against plaintiff for the value of the improvements placed by him thereon, etc.

The plea of prescription was sustained as to 5.16 acres of the S⅕ of NE¼ of SW¼, Section 21, but otherwise denied. The judgment is wholly silent as to defendant's reconventional demand for the value of the improvements on the other acreage and the cost of clearing the land.

George Wesley Smith, of Monroe, for appellant.

Madison, Madison & Fuller, of Bastrop, for appellee.

TALIAFERRO, Judge.

This is a petitory action wherein the plaintiff alleges himself to be the owner and entitled to the possession, admitted to

Defendant appealed. In answer to the appeal, plaintiff prays that the plea of prescription be wholly denied.

Plaintiff deraigned his title, consisting of more than a dozen patents, deeds, etc., beginning with the transfer to the State by the United States and ending in himself. All of these documents are specifically described in the petition but were not made a part thereof by reference or by physical annexation. In obedience to a prayer for oyer and the court's order thereon, certified copies of these documents were produced, and the rule was declared discharged. These certified copies were not formally offered or introduced in evidence by plaintiff during the trial of the case. In oral argument, counsel for defendant makes the point that since these documents were not introduced in evidence, they are not now before the court and as a result plaintiff, as is required in a petitory action, has not established his asserted ownership of the land in controversy. We do not think the point well taken.

Plaintiff's demand is founded upon these documents. They are all specifically named in his petition as forming his chain of title. They were produced in limine at the instance of defendant, and thereby became a part of the pleadings. In a case of this character, the pleadings need not be introduced in evidence as a condition precedent to the court's consideration of them in determining the issues therein raised.

In Noble v. Plouf, 154 La. 429, 97 So. 599, it is held: "In response to a prayer for oyer, plaintiff filed in court copies of all the *documents upon which his action is founded. These documents, forming part of plaintiff's demand,* are controlling wherever they are at variance with the allegations of the petition."

This court, in Rawleigh Co. v. Thrasher, 153 So. 719, 720, wherein, under a prayer for oyer, an itemized account was produced, said [page 721]: "Defendants prayed for oyer of an itemized account, and when it was filed, it became a part of the pleadings and controlled the allegations of the petition, * * * ."

In support of this rule, see, also, Baldwin Lumber Company v. Todd, 124 La. 543, 545, 50 So. 526; Mower v. Barrow et al., 16 La.App. 227, 133 So. 782.

The point is not well taken for the additional reason that in his answer defendant admits that plaintiff's deed from the heirs of W. P. Humphrey et al, declared upon in his petition, does include the land herein sued for; and where, as in this case, defendant admits he is without any record title whatsoever, plaintiff is not required to establish title good as against the world.

Defendant failed to introduce in evidence the deeds whereby he acquired the two forties adjacent to and immediately south of said two 8-acre tracts. But as to these deeds, as is also true of some of the deeds in plaintiff's chain of title, a copious amount of parol testimony was given, without objection, which establishes their dates, purport and registration.

In April, 1904, defendant purchased from W. P. Humphrey the SE¼ of SW¼ of Section 21 in Township 22 North, Range 8 East. The tract was then wholly undeveloped and carried a growth of hardwood timber. At that time defendant was a tenant of Humphrey. He had been married only two or three years and desired to procure a piece of fertile land on which to establish for himself and wife a humble home. The tract was inspected by the parties and Humphrey suggested the site on which to erect a residence. He was quite certain this site was embraced within the forty acres he thereafter deeded to defendant. Over thirty years elapsed before the contrary was discovered. The north line of the forty acres is 265 feet farther south than they thought and believed. Defendant's first clearing and improvements, which began early in 1904, bordered the line then erroneously believed to be the north limit of the forty. During the long period of his possession of these lands, both tracts were actually owned by W. P. Humphrey and his heirs, following his death, until the sale to plaintiff. The Humphreys owned other improved land adjacent and cultivated same until sold to plaintiff. Defendant was not disturbed in his possession until the filing of the present suit on April 9, 1936. Over a period of years he cleared and fenced the entire 8-acre tract on the north side of the SE¼ of SW¼, Section 21, and, after acquiring the SW¼ of SE¼ of Section 21 from McKoin in 1916, he extended his clearing operations and improvements on to the S⅕ of NW¼ of

SE¼ adjacent, adopting as the north line thereof a projection of the north line of the other 8-acre tract. However, when this suit was filed, only the west half of the tract had been cleared of timber and enclosed.

There can exist no semblance of doubt of defendant's utter good faith in his possession of these small tracts of land. Every fact and circumstance unmistakably support such a conclusion. He was naturally influenced by Humphrey's supposed knowledge of the lines of his own lands and had no reason to question the accuracy of such knowledge. He knew that the forty he purchased from McKoin was east of and adjacent to the forty he purchased from Humphrey, and that therefore the north line of the former would be an extension of the north line of the latter. The first error superinduced the second.

The possessor in good faith is defined by Article 3451 of the Revised Civil Code as, "The possessor in good faith is he who has just reason to believe himself the master of the thing which he possesses, although he may not be in fact, as happens to him who buys a thing which he supposes to belong to the person selling it to him, but which, in fact, belongs to another."

Defendant's good faith is not unfavorably affected because he could have obviated the error into which he fell through reliance upon his vendor's assurances, by having the line established by a competent civil engineer. It was error of fact. As being analogous to these facts and this conclusion, reference is made to Blair v. Dwyer et al., 110 La. 332, 34 So. 464, in which the Court held: "Nor is a vendee to be held a possessor in bad faith merely because of the fact, or the probability, that a careful examination of the conveyance records would have disclosed the nullity of the vendor's title." Delouche v. Rosenthal, 143 La. 581, 586, 78 So. 970.

From the very nature of the case, it was exceedingly difficult to satisfactorily establish the dates, even the years, defendant's physical possession of some parts of the first eight acres by him improved, began. This is only important insofar as it affects the merits of the plea of thirty years' prescription. The testimony makes it certain that in the year 1904 or 1905 defendant cleared of timber and actually enclosed as much as two acres of the S½ of NE¼ of SW¼ on which he erected a small house, crib, garden, etc. He rented land from W. P. Humphrey for 1904 because he had not enough open land of his own to make sufficient crops on. In the fall and winter of after years he extended his clearing operations southward into the forty purchased from Humphrey until practically all, if not all of it, is now open and in cultivation. The same may be said of the McKoin tract. Naturally, by like process, he cleared and improved the 8-acre tract north of the forty purchased from Humphrey to its north line, the eight and 40-acre tracts constituting one farm when this suit was filed. But beyond the two acres above mentioned, the record does not satisfactorily disclose that defendant actually possessed by enclosing any other part of the land in question for thirty years prior to the institution of this suit. He thinks, and testified that he did so, but the preponderance of the testimony on the subject is against him. The burden of supporting his plea with clear and definite proof rested squarely upon him. This sort of prescriptive right may not be extended to any land not physically possessed by enclosures or other barriers sufficient to give definite notice to the public of the character and extent of such possession. We are unable to delineate or fix the boundaries of said 2-acre tract. A surveyor may go upon the ground and do so. It is wholly embraced within the boundaries of the 5.16 acres awarded defendant by the lower court. In order to establish the location of this 2-acre tract and its boundaries by survey or agreement, the case will have to be remanded. It will also have to be remanded for the purpose of receiving testimony touching the present value of the improvements on the remaining portion of the two 8-acre tracts, cost of clearing, value of pecan trees, etc. Defendant, being a possessor in good faith, is entitled to be paid these values, etc., before he may be dispossessed.

The record contains no testimony pertinent to the present value of the buildings on the land, exclusive of said two acres. Their original cost is estimated by defendant. The cost of clearing the land, value of pecan trees planted by defendant, etc., is given by defendant only. No other witness was questioned. In some respects, we are certain his estimates and appraisements are exorbitant. These issues should

be thoroughly threshed out in the lower court and additional testimony thereon admitted for that purpose.

We might add that the two acres to which we think the plea of prescription good is the area surrounding the first house erected by defendant.

For the reasons herein assigned, the judgment of the lower court is reversed and set aside, and there is now judgment in favor of defendant and against plaintiff sustaining the plea of thirty years' prescription to the extent of the two acres of land surrounding the first residence thereon erected by defendant, the exact boundaries of which are to be fixed as herein indicated; and for this purpose and for the purpose of receiving evidence of the present value of improvements on other parts of said two 8-acre tracts, cost of clearing, value of pecan trees, etc., this case is remanded to the lower court. Costs of this appeal are assessed against both litigants.