Plaintiffs sue for issuance of a mandatory injunction commanding defendants to open a road and passageway leading from property owned by plaintiffs, over property belonging to defendants, to a public road in Caddo Parish. *Page 850 
Since the allegations of plaintiffs' petition have been placed at issue by exceptions of no cause and no right of action, we feel that it is necessary to set forth in detail the recitals of this instrument.
Plaintiffs' petition alleges that they had acquired by purchase on date of May 18, 1943, a certain tract of land containing 57.5 acres, more or less, located in Caddo Parish, Louisiana; that at the time of the acquisition of the property described "there was a road leading westerly from it over and across the adjoining tract of land, owned by the Estate of S.O. Jones, to the Woolworth Road, a public highway of Caddo Parish, which road was the only passageway and outlet available to plaintiffs from their property to said public road"; that by deed dated December 17, 1943, the tract of land adjoining and lying between plaintiffs' property and the Woolworth Road was acquired by the defendants, "the sale thereof being made subject to said road, passageway and outlet from plaintiffs' land to the Woolworth Road and less the acreage embraced in said road"; that during the month of December, 1943, the defendants wrongfully and illegally closed the road and passageway leading from plaintiffs' property to the Woolworth Road, built fences and gates across the same, thereby preventing its use by plaintiffs and other residents of the neighborhood, and refused all requests to remove the obstructions; that the passageway or road from plaintiffs' property to the Woolworth Road has been established and continuously used by the public for more than thirty years; that said use had been recognized and acquiesced in by the former owner of the property, and that defendants had acquired their land subject to said use and less the acreage included in said roadway; and, finally, that the public had accepted the dedication of the road by long and continuous use thereof.
Plaintiffs prayed for the issuance of a mandatory injunction commanding defendants to open the road and passageway from plaintiffs' property to the Woolworth Road by demolishing and removing the obstructions placed thereon, and for a perpetual injunction restraining defendants from obstructing or interfering in any manner with the free use of the roadway by plaintiffs and the general public.
In the alternative, plaintiffs prayed, in the event the Court should determine that they were not entitled to the relief first prayed for, that the Court determine, fix and establish a passageway from plaintiffs' property to the Woolworth Road.
Defendants answered by generally denying the allegations of plaintiffs' petition and specifically denying the fact that defendants purchased their property subject to the road and passageway sought to be reopened by plaintiffs. Defendants further alleged that the use of the road and passageway contended for interfered with the use of defendants' land as a pasture for cattle, and that an alternative passageway had been offered for the use of plaintiffs.
Sometime after filing of the original answer, defendants filed a supplemental answer to which was attached a correction deed to the defendants. This correction deed contained the specific recital that the road referred to in the original deed dated December 17, 1943, to which the sale of the property was made subject, and the acreage of which was excepted from the conveyance, was the Woolworth Road.
Coincident with the filing of the supplemental answer, defendants filed an exception of no cause of action, which exception was overruled and the case regularly taken up for trial. After trial, defendants filed an exception of no right of action, and a few days later plaintiffs filed an instrument designated as "plaintiffs' offer under alternative demand". In this instrument plaintiffs declared that "should the Court deny them relief under the main demand in this suit, then, and in that event, they are ready, willing and able, and offer to pay whatever damages defendants may sustain by the location and establishment of the road or passageway sought under their alternative demand herein".
There was judgment in favor of plaintiffs granting a right-of-passage over the property of defendants along the road and passageway as claimed in plaintiffs' main demand. The judgment further decreed that a suitable opening or exit be provided, from the passageway granted, into the Woolworth Road at reasonable cost and expense to be borne by plaintiffs. The judgment was silent as to the granting of an injunction.
Motion for suspensive appeal being refused, the defendants have prosecuted this devolutive appeal from the judgment of the district Court.
The appeal has been answered by plaintiffs, who pray for judgment granting both *Page 851 
mandatory and prohibitory injunctions in accordance with the prayer of their petition.
The exception of no cause of action is urged before this Court by defendants' counsel, who contends that the passageway claimed by the plaintiffs could not have been acquired by prescription, and that since plaintiffs have failed to make offer of indemnity, their action should fail.
The relief sought by plaintiffs in this case is predicated upon the provisions of Article 699 of the Civil Code, which reads as follows: "Inclosed lands — Private way — The owner whose estate is inclosed, and who has no way to a public road, a railroad, a tramroad or a water course may claim the right of passage on the estate of his neighbor or neighbors to the nearest public road, railroad, tramroad or water course and shall have the right to construct a road, railroad or tramway according to circumstances and as the exigencies of the case may acquire, over the land of his neighbor or neighbors for the purpose getting the products of his said inclosed land to such public road, railroad, tramroad or water course, or for the cultivation of his estate, but he shall be bound to indemnify his neighbor or neighbors in proportion to the damage be may occasion. (As amended, Acts 1916, No. 197)."
Study of the petition indicates conclusively that plaintiffs have based their demand for the reopening of the passageway upon the theory that it was established through continuous use by the public for a period of more than 30 years, and that this use and the right thereto was recognized in the deed by which defendants acquired the tract of land traversed by the said road or passageway. The contention that the roadway was excepted from defendants' title, of course, passed out of the case with the filing of the correction deed, and plaintiffs' counsel, accordingly have devoted themselves in argument and brief to two points, first, that there had been a common-law dedication of the roadway which had been accepted by the public, and, second, that the passageway claimed constituted the most convenient, practical and economical route from plaintiffs' land to the Woolworth Road.
In our opinion, this matter must be disposed of upon the issues raised by the exception of no cause of action.
As to the right of passage by the owner of an inclosed estate, there can be no argument. But, the essentials of the granting of the right are clearly and definitely set forth in Article 699 of the Civil Code above quoted. This article provides that the right of passage on the neighboring estate shall be to the nearest public road. It is further stipulated that such right shall operate only in favor of the owners of estates who have no way to a public road. The article also provides for indemnification for damages suffered by the owner of the subservient estate.
Plaintiffs' petition does not comply with the requirements of the codal article. The petition does not state that the passageway claimed was the only outlet available to the nearest public road. Of course, if the passageway had become fixed and the right to its use had become vested in the public, then the petition would disclose a cause and right of action.
We cannot agree with the earnest contention of plaintiffs' able counsel that the use of the road had become vested in the public, either by prescription or by common-law dedication.
The right of passage is a discontinuous servitude (Civil Code, Article 727) which can be established only by title, and not even immemorial possession is sufficient for the establishment and acquisition of such a servitude (Civil Code Article 766). Larcade v. Iseringhausen, 153 La. 976, 96 So. 830.
We have thoroughly considered the authorities cited on behalf of plaintiffs in support of the doctrine of implied dedication. The cases cited by plaintiffs' counsel are set forth in the recent case of Ford v. City of Shreveport, 204 La. 618,16 So.2d 127, in which the statement is made that the common-law doctrine of implied dedication is well recognized in this State. However, we cannot accept this pronouncement as bearing upon the issue presented in this case. There is nothing in the record which establishes an intent on the part of the owner of the property to make a dedication to the public of that portion of the property used as a passageway. At most, the only fact established beyond question is that the owner of the property permitted the use of a passageway thereupon.
Mere sufferance or tolerance of the right of passage by the owners of neighboring estates or by the general public is quite distinct from the dedication, either statutory or implied, of a roadway. Powell v. Porter, 172 La. 681, 135 So. 24. *Page 852 
"Applying this law it has more than once been held by this court that, in the absence of proof of intent on the part of the owner to dedicate his property to public use, the mere use of the passage by the public, for however long a time, cannot supply a title or serve as the basis of prescription." Lawson v. Shreveport Waterworks Co., 111 La. 73, 35 So. 390, 394, and cases cited therein.
If the facts developed in this case had borne out plaintiffs' contention that the roadway itself had been excepted from a conveyance of the property, we concede that such action would have been conclusively indicative of an intention to dedicate the roadway. Since, however it is clearly established that there was no intention to except this particular roadway from the deed of conveyance, conversely, we feel it is established that there was not an intention to dedicate.
It must be borne in mind that this action is one by the proprietor of an inclosed estate seeking the right of passage over a neighboring estate, and, therefore, it must be governed by the provisions of the Civil Code and by the jurisprudence applicable to such character of action.
The proprietor of an inclosed estate has the right to claim passage over the land of his neighbor to the nearest public roadway, but such right must be acquired either by direct agreement with the owner of the subservient estate, or by judicial proceedings. Broussard v. Etie, 11 La. 394; Baldwin Lumber Co. v. Todd, 124 La. 543, 50 So. 526.
Plaintiffs' petition did not offer to indemnify defendants for damage occasioned by the use of right-of-way over defendants' property. This offer is essential to the action. Civil Code, Article 699. Ezernack v. Ezernack, 18 La.App. 56, 137 So. 626.
It is true that after trial plaintiffs did file an offer stating in effect that they were ready, willing and able to indemnify the defendants for damages occasioned under any judgment of the Court in answer to plaintiffs' alternative demand. In our opinion, this offer, made after trial of the case, and after opportunity to show damages had passed, is not a sufficient and proper compliance with the requirement of the article of the code.
As a matter of fact, the judgment of the district Court was not based upon plaintiffs' alternative demand, and, therefore, defendants were deprived of the benefit of any offer of indemnity by the plaintiffs.
For the reasons set forth, we find that plaintiffs' petition was not sufficient and the exception of no cause of action should have been sustained. In view of this conclusion, it is unnecessary to pass upon the other points involved in this case.
Accordingly, it is ordered, adjudged and decreed that the judgment appealed from be reversed and set aside, and there is now judgment sustaining the exception of no cause of action on the part of defendants and dismissing plaintiffs' suit as of nonsuit. It is further ordered that plaintiffs-appellees shall pay all costs of both Courts.