GLADNEY, Judge.
This case has been before us on another occasion. 56 So.2d 216, 220. Alfew H. Williams, administrator of the succession of James Monroe Cox, opened in the probate court of the county of Bamberg, South Carolina, instituted this suit under the provisions of Act No. 38 of 1908, LSA-R.S. *122 13:5062, against the widow and heirs of J. M. Williams, deceased, and others who are no longer affected by this appeal which was taken only by the widow and heirs of J. M. Williams.
The facts and pleadings relating to plaintiff’s claim are detailed in our former decree. Originally this court was concerned with the titles to two forty-acre tracts of land situated in Avoyelles Parish. This appeal is restricted to the consideration of, first, the ownership of an undescribed tract of land situated within the SE^ of the NE14 of Section 25, Township 3 North, Range 2 East, and, secondly, the validity of the judgment so far as it compensates for timber removed.
The appeal comes to us following our remand to the trial court wherein the following pronouncement was made:
“We shall have to remand the case to enable the defendants to introduce evidence that will definitely establish the boundary lines of the two tracts to which they have acquired title by prescription, as hereinabove discussed; and when this has been done, the lower Court will pronounce judgment, determining the rights of all parties as regards the lands, based upon the whole record.
“Therefore, for the reasons assigned, the judgment appealed from is set aside insofar as it adjudicates the ownership of the two tracts of land, and to accomplish the purposes above set forth, the case is remanded, to the lower Court for further proceedings.
“And, insofar as not set aside by this decree, the judgment from which appealed, is affirmed.
“Costs of appeal are assessed against plaintiff, appellee. Fixing of liability for all other costs will await final decree in the case.”
When first tried the district court overruled certain exceptions and a plea of prescription of thirty years acquirendi causa filed by the defendants. The judgment of the trial court also rejected a money demand by plaintiff against the defendants for timber allegedly removed and sold by them from the land embraced in the title claim. In our former decree, exceptions of no right and no cause of action, misjoinder, and a plea of estoppel were considered and disapproved, our decree affirming the rulings of the trial court thereon. Pleas of prescription filed on behalf of defendants claimants as to each of the forty-acre tracts were sustained but only as to certain acreage within each forty. Then, because of the inability of this court to determine from the record accurate descriptions of the areas embraced in and affected by the pleas of prescription, the case was remanded for proceedings to determine the descriptive boundaries as to each tract. This court’s decree affirmed the finding of the trial court rejecting plaintiff’s money demands for timber allegedly sold from plaintiff’s land by defendants. By virtue of this ruling the district court’s judgment has become final and it was error for the trial court to permit the issue to be reopened on the remand. This court, it is true, did not reach its conclusion for the same reasons as did the trial court. This is what was said:
“As regards the demand for the value of the timber cut, the testimony is not of the character required to warrant judgment thereon. The lower Court held that as the removal of the timber was in good faith, the defendants should not be required to pay for same. This is not the true test of liability. It has to do, of course, with the measure of liability.
“So far as the upper tract of ground is concerned, it is not shown that any timber was sold therefrom. It is shown that the Williams sold in same deed timber from the lower tract and also from their home place adjoining. The quantity cut and removed from either tract is not shown, nor the value of any of it. No effort was made to prove these important facts.”
*123 It is clear that our former decree, insofar as the parties to this appeal are concerned affirmed the judgment rejecting plaintiff’s money demand against the pres■ent appellants for damages for removal of .the timber and sustained defendants’ plea of prescription of thirty years acquirendi ■causa as to unidentified acreage situated within the forty acres in litigation. Concerning this adjudication, we said:
“The testimony satisfies us that the plea of prescription of thirty (30) years is good as to said five or six acres, but the record is not adequate to enable us to formulate an accurate description thereof.
“It was well understood by all of the people in and about the community that * * * the lower tract was claimed by J. M. Williams while living, and his widow and heirs after his death; and there has not been any interruption of either possession.”
Pursuant to the remand additional evidence was presented in the trial court, some ■of which consisted of testimony relating to the measure of damages occasioned by the removal of said timber. Other testimony was to the effect a portion of the forty was ■cultivated by Williams. The record does not presently contain evidence of a survey of the unidentified acreage and we are unable to settle this controversial point. In reasons for judgment assigned by the district judge he states the court visited the subject tract of land in company with counsel for both sides and a surveyor but still was unable to cast judgment in compliance with this court’s remand. Finding itself in such a position, the trial court then relied upon the case of Peters v. Crawford, La.App.1939, 185 So. 716; Id., La.App.1940, 199 So. 433, which was construed as authority for “awarding a specific quantity to each side, with the boundaries between the properties to be left to future determination”. The court then made to appellants herein an award of ten acres of land in the north central portion of the Southeast Quarter of the Northeast Quarter (SE(4 of NEj4) of Section Twenty-Five (25), Township Two (2) North, Range Three (3) East, with plaintiff being recognized as the owner of thirty acres comprising the balance of said Southeast Quarter of Northeast Quarter (SEj4 of NEj4)> and leaving to future determination thereof the boundaries between the property of plaintiff and that of defendants.
After reflection upon the problem presented to the district judge, we nonetheless disagree with his interpretation of the holding in Peters v. Crawford. After evidence upon the second trial in the cited case failed to furnish sufficient data to enable the appellate court to describe two acres therein under judicial consideration, the court, 199 So. 433, 435, 437, made this pronouncement:
“So far as concerns the two acres to which the plea of prescription has been sustained by this court, its status was fixed by our former decree and the lower court was without power or jurisdiction to alter or change that status. The reason assigned by the court for overruling the plea is that it was defendant’s duty to definitely establish the boundaries of the two acres, and not having done so, the plea is untenable. Our view of this phase of the case is that defendant is the owner of the two acres, the boundaries of which necessarily are left to future determination.”
In our former decision the lower court was directed to determine the rights of all parties as regards each of the forties and to base its determination thereof upon the whole record. The reference to the whole record, we think, unquestionably has application solely to the extent of and proper description of the acreage which our former decree held to be affected by the plea of prescription. The instruction, we think, was purposely rested upon the whole record, that is all the evidence which tended to support defendants’ title to the unidentified acreage, to the end a definitive adjudication could be entered. Undoubtedly, the author of our former opinion predicated this court’s decree largely upon the tes *124 timony of Irion Lafargue, -the surveyor who testified on the first trial. Therein Lafargue testified:
“Q. Did you find any portion of the property, that particular part in section 25, which seems to have at any time been in cultivation or tilled? A. Yes, I found a cleared portion of that tract about the center of it, running along a drain, that showed signs of cultivation.
“Q. Could you estimate that, with reference to acreage, the portion of this tract which seems to have been cultivated, according to your observation? A. That is a hard matter to judge, unless a perimeter of that would be run. I would say about five or six acres.
“Q. The rest of that particular tract, where there was no evidence of cultivation, what is the nature of that ?
A. Woodland.
“Q. Were there any sizeable trees on this tract? A. No — I wouldn’t say the trees were of great size.
“Q. Does it appear to have always been woodland, within the memory of man, so to speak, or a recent growth of timber? A. I believe that was woodland for a long period.”
Our remand contemplated a survey of the perimeter of the acreage which evidences signs of cultivation. The status of ownership of the land acquired by prescription was fixed in our former decree, except that the record contained no evidence of legal description of the boundaries involved. The failure to supply this information pursuant to our instructions on the remand prevents this court from making an exact adjudication of the five or six acres, the boundaries of which must necessarily be left to future determination.
For the reasons so assigned, so far as it relates to the adjudication of the land in controversy, the judgment from which, appealed is amended to conform to findings in our former decree, and it is now ordered, adjudged and decreed that plaintiff, Alfew H. Williams, Administrator of the Succession of James Monroe Cox, deceased, do have and recover judgment against the defendants, Mrs. Lena Williams, Mrs. Della Williams Gray, Mrs. Lillie Williams Boyette, Mrs. Iva Williams Netter, Mrs. Allie Williams Williams, and Lloyd Williams, recognizing plaintiff as the owner of the Southeast Quarter of the Northeast Quarter (SEÍ4 of NE^), Section Twenty-Five (25), Township Three (3) North, Range Two (2) East, Avoyelles Parish, Louisiana, containing 39.92 acres, save and except five or six acres of land near the center thereof, defendants’ ownership of which has been previously recognized herein.
That portion of the judgment awarding plaintiff damages for removal of timber from the land herein involved is annulled and set aside, this issue having been finally determined in our former decree.
Insofar as not set aside by this decree the judgment from which appealed is affirmed.
Costs of this appeal are assessed equally between the appellants herein, other costs to remain as heretofore assessed.