KNOLL, Judge.
Olive Mayfield Tupper appeals the dismissal of her claim against Dallas Oil & Minerals, Inc. (Dallas Oil), a third-party purchaser of minerals, in which she asserted that her sale of minerals to CATL Operating Co., Dallas Oil’s predecessor in title, should be rescinded. The trial court granted Dallas Oil’s motion for summary judgment, finding that Dallas Oil acquired its mineral interest in good faith and was protected as a third-party purchaser of the mineral rights at issue.
Tupper contends on appeal that the trial court erred: (1) in denying her motion for summary judgment; and, (2) in granting Dallas Oil’s motion for summary judgment.
FACTS
On September 11, 1987, Tupper transferred to CATL Operating Company, a non-registered d/b/a for Myron J. Palermo, her mineral rights in the NE/4 of Section 33, Township 7 South, Range 3 West, Jefferson Davis Parish, Louisiana, less a overriding royalty. The stated consideration was $8000.
CATL, acting through Anita P. LeBlanc, transferred one-half of the minerals in the Tupper tract to Burkman J. Reed on September 23, 1987. By mineral deed dated April 25, 1988, Burkman Reed and CATL, again acting through LeBlanc, sold the entire mineral interest they owned in the Tup-per tract to Dallas Oil for a consideration of $160,000.
PLEADINGS
Within one year of her sale to CATL, Tupper, through her mandatary, sued CATL seeking a rescission of the mineral sale on the grounds of fraud, misrepresentation, incapacity of the vendor, inadequacy of consideration, and irregularities in the confection of the act of sale. In addition, Tupper asked for the restoration of all fruits and revenues, together with damages from CATL. Dallas Oil was served with a copy of the petition, but was not named as a defendant; instead Dallas Oil was asked to assert any rights it may have in the subject property.
In an amending petition, Tupper asserted that there was an improper chain of title from CATL to Dallas Oil. In particular, she contended that the sales from CATL were null and void because CATL did not comply with LSA-R.S. 51:281 in transacting business under an assumed name, and because the identity of Tupper’s vendee was concealed to her detriment.
Dallas Oil answered Tupper’s original and amending petitions with a general denial, and further asserted that it acquired its mineral interests in the Tupper tract in good faith from CATL and Reed. Dallas Oil further filed a third-party demand against CATL and Reed, seeking the return of its purchase price, loss of anticipated oil revenue, and attorney’s fees should Tup-per’s sale to CATL be rescinded.
Tupper then moved for summary judgment, and Dallas Oil answered with its own motion for summary judgment.
DENIAL OF TUPPER’S MOTION FOR SUMMARY JUDGMENT
Tupper first contends that the trial court erred in denying her motion for summary judgment.
LSA-C.C.P. Art. 968 provides, in pertinent part, that an appeal does not lie from the trial court’s refusal to render summary judgment. Accordingly, the trial court’s denial of Tupper’s motion for summary judgment can not be raised in this appeal. See Schaefer v. Lynch, 406 So.2d 185 (La.1981). Therefore we cannot address Tupper’s argument that the trial court erred in denying her motion for summary judgment.
DALLAS OIL’S MOTION FOR SUMMARY JUDGMENT
Tupper next argues that the trial court erred in its determination that Dallas Oil was in good faith and thus protected as a purchaser under the good faith third-party purchaser doctrine. She contends that the allegations of her petition and the facts developed in the record establish genuine issues of material fact as to Dallas Oil’s *1052 good faith. In making this contention Tup-per relies on three facts: (1) the disparity in the original sale price ($8000) and Dallas Oil’s purchase price ($160,000); (2) the absence of a recorded mandate showing Le-Blanc’s authority to act on behalf of CATL; and, (3) the absence of a certificate of public record setting forth CATL as the d/b/a for Palermo.
In Brown v. Johnson, 11 So.2d 713, 715 (La.App. 2nd Cir.1942), a case dealing with the rights of a good faith third-party purchaser of mineral interests with regard to an action by a predecessor in title to have a prior sale set aside, the following pronouncements were relied upon:
“ ‘The conveyance records are the only thing to which one dealing with real estate needs to look, under the repeated decisions of this court, nor can innocent third persons purchasing upon the faith of the public records be bound by any knowledge except such as is disclosed by such records. Baird v. Atlas Oil Co., 146 La. [1091], 1099, 84 So. 366; McDuffie v. Walker, 125 La. [152], 167, 51 So. 100; Waller v. Colvin, 151 La. [765], 772, 773, 92 So. 328.
Neither fraud, nor want of consideration, nor secret equities between the parties, who have placed on the public records a title valid upon its face, can be urged against a bona fide purchaser for value, who has acted on the faith of such recorded title. Broussard v. Broussard, 45 La.Ann. 1085, 13 So. 699; Fletcher v. Peck, 6 Cranch 87, 3 L.Ed. 162; Succession of Guillory, 29 La.Ann. 495; Chaffe v. Ludeling, 34 La.Ann. [962], 967.’
* * * * * *
It is also the law that all persons have constructive notice of the existence and contents of a recorded instrument affecting immovable property (United Gas Public Service Company v. Roy et al., La.App., 147 So. 705); and where such an instrument contains language that fairly puts a purchaser on inquiry as to the title and he does not avail himself of the means and facilities at hand to obtain knowledge of the true facts he is to be considered as having bought at his own risk and peril. Breaux-Renoudet Cypress-Lumber Company v. Shadel et al., 52 La.Ann. 2094, 28 So. 292.
Furthermore, as a condition precedent to good faith, a purchaser is not required to examine the public records for the purpose of determining whether or not the property’s title is good and valid. Dinwiddie v. Cox et al, La.App., 9 So.2d 68. Bad faith is not to be imputed to him merely because an examination of the public records would have disclosed a defect in his vendor’s title. Delouche v. Rosenthal, 143 La. 581, 78 So. 970.”
Tupper’s first contention is that Dallas Oil was in bad faith since it should have been placed on notice of title defects because of the disparity of price between Tupper’s sale and CATL’s. We disagree.
LSA-R.S. 31:17 provides that the sale of a mineral right is not subject to rescission for lesion beyond moiety. As pointed out in Wilkins v. Nelson, 155 La. 807, 99 So. 607 (1924), mineral rights are not susceptible of having an intrinsic, definite and fixable value; therefore the consideration for a transaction involving the sale of mineral rights is speculative in character. See also Comment, LSA-R.S. 31:17. Utilizing this rationale, we find that we are unable to impute bad faith to Dallas Oil. Accordingly, we find no merit to Tupper’s contention in this regard.
Tupper’s next argument is that Dallas Oil was not in good faith because Palermo failed to file a certificate setting forth that he was' conducting business under the name of CATL Operating Company.
LSA-R.S. 51:281 provides, in pertinent part:
“No person shall transact any business under an assumed name or under any designation, name or style, corporate or otherwise, other than the real name of the individual conducting the business, unless such person files in the office of the register of conveyances in the city of New Orleans, or the clerk of court, as the case may be, of the parish or parishes in which the person conducts or intends to conduct the business, a certificate setting forth the name under which *1053 the business is to be conducted and the real full name of the person owning, conducting or transacting the business, with the post office address of such person.”
This statute is penal in nature, House of Lights, Inc. v. Diecidue, 222 So.2d 603 (La.App. 4th Cir.1969), and violators are subject to a fine and/or imprisonment as specified in LSA-R.S. 51:284.
After carefully reviewing the record and argument, we do not find that CATL’s failure to comply with LSA-R.S. 51:281 is a vice of consent per se, or evidence of incapacity to contract. Accordingly, we find that although Palermo’s failure to file a certificate as required may constitute an error on the face of the public records, it did not vitiate either CATL’s contract with Tupper or CATL’s contract with Dallas Oil. Therefore, it is clear that this deficiency in the chain of title did not prohibit the trial court from entering summary judgment in favor of Dallas Oil.
For like reasons, we further find no merit to Tupper’s contention that the absence of a recorded procuration between Palermo/CATL and LeBlanc rendered Dallas Oil in bad faith. Once again, the unrecorded procuration may constitute an error in the chain of title between Palermo/CATL and Dallas Oil, but the deficiency does not involve or affect Tupper.
In summation, none of the allegations could have put Dallas Oil on notice of any of the alleged vices of consent, misrepresentations, incapacities or deficiencies raised in Tupper’s petition against CATL. As stated at page 715 in Brown, “ ‘Neither fraud, nor want of consideration, nor secret equities between the parties [e.g., Tupper and Palermo/CATL], who have placed on the public records a title valid upon its face, can be urged against a bona fide purchaser for value, who has acted on the face of such recorded title.’ ” Therefore, the trial court properly granted Dallas Oil’s motion for a summary judgment, dismissing it from Tupper’s action for rescission against Palermo/CATL.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Tupper.
AFFIRMED.