ROGERS, J.
 

 Plaintiffs are the owners of the Kentucky plantation, a tract of land containing -140> acres, in the parish of Caddo. Defendants
 
 *684
 
 are:the .owners of three small contiguous tracts. of land adjoining plaintiffs’ land, which they occupy and operate as a truck and dairy farm and as a public resort known locally as “Pleasureville.”
 

 ' The suit is one by plaintiffs to enjoin defendants from using a road which crosses a corner of plaintiffs’ land and from cutting certain fences erected by plaintiffs across the road. The defense is that the road is a public road and has been used as such by the general public for more than thirty years. Plaintiffs’ demands were rejected, and they have appealed.
 

 , The: short question to be decided is whether the road in dispute is a private or a public road.
 

 The lands owned by the parties litigant were formerly a portion of a larger tract of land known as “Eagle Bend” plantation. This tract of land- borders on Red Tiver. Some gear's ago,- probably in 1881 or 1882, the bed of the main stream shifted a considerable distancíe to the eastward. At that time, both before' and after the construction of levees on Red river, the road in dispute followed the river’s meanderings and was known as the riyer ■ frpnt road. The general public constantly used it in .going to and from the city of Shreveport. After Red river changed its course^ its original channel formed a lake and 'became known as “Old River.” The levee was erected on plaintiffs’ lands to protect them and other lands behind the levee from'.the .flood, waters of Red river. As no other levee, was, constructed on the bank of the river after it had changed its channel, the original levee continued to serve as the only protection to plaintiffs’ lands from the river’s overflow. Plaintiffs’ lands extend beyond and iciitoside the' levee,- except at one point where ®e leveo.touches- the northern line, of one of 'libetracts' owned by the defendant P. J. Porter. Defendants’ lands lie between plaintiffs’ lands and the bank of Old river.
 

 A ramp constructed across the levee at defendants’ tract of land known as Pleasure-ville affords ingress and egress to the resort for defendants and for the general public. The length of the road from this ramp to the Harts Island road, a public road running approximately north and south, is 3,045 feet, of which 2,124 feet are on plaintiffs’ property. The road follows, generally, the sinuosities of the levee along Old river. For a distance of approximately 800 feet on plaintiffs’ lands it lies alongside the base of the levee. From the point where it leaves the levee to the point where the ramp crosses the levee, a distance of approximately 1,300 feet, the space between the road and the base of the levee varies from 70 feet at its narrowest to 102 feet at its widest part.
 

 The road in dispute is and has been in constant use by defendants to market their produce and by the public generally ini going from the Harts Island road to Pleasureville and points beyond and vice versa.
 

 Article 16, § 6, page 115, of the Constitution of 1921, providing for the compensation of the owners of property used for levee purposes, whatever may be its effect, has no bearing on the issue presently before us. That issue must be determined on the facts and the law applicable thereto as they existed prior to the adoption of the Constitution.
 

 Under the ancient laws of the state all rural riparian property owed a public servitude, without compensation, for levee purposes, the compensation of the riparian proprietor for the burden thus imposed being his right to enjoy the accretions successively and imperceptibly attached to his property by the recession of the river or other stream. Village of Moreauville v. Boyer, 138 La. 1070, 71
 
 *686
 
 So. 187; Ward v. Board of Levee Commissioners, 152 La. 158, 92 So. 769.
 

 Red river is a navigable stream bordered by alluvial lands, and there can be no question, certainly prior to the adoption of the Constitution of 1921, that all rural property along its banks and shores owed a public servitude for levees and roads. Acts of 1818, § 1, p. 54, incorporated in Rev. Stats. § 3368, amended by Act No. 220 of 1914; Act No. 31 of 1829, § 9, p. 80; Civ. Code, arts. 455, 457, 664, 665.
 

 The act of 1818, which now forms part of Rev. St. § 3368, amended by Act No. 220 of 1914, provides , that all roads opened, laid out, or appointed by the Legislature or police juries, and, also, that all roads made on the borders of rivers or bayous by the front proprietors shall be deemed public roads. And Civ. Code, art. 455, declares tljat the use of the banks of navigable rivers or streams is public. The section of the Revised Statutes and the codal article must be construed together. McCearley v. Lemennier, 40 La. Ann. 253, 3 So. 649. When this is done, it seems to be plain that the law makes all roads constructed by the riparian proprietors along navigable rivers or other navigable streams public roads.
 

 And Act No. 31 of 1829, § 9, p. 80, provides that every owner of lands situated on the banks of the Mississippi river and its tributaries, and Red river is one of its tributaries, except in the parishes of East and West Feliciana and the parish of East Baton Rouge lying above the city of Baton Rouge, is bound to give to the public and to keep constantly in good repair a highway at least 25 feet wide on the whole front of his property. By subsequent , enactments , the front proprietors have been relieved of the burden of making such roads and keeping them in repair, but we know of no láw, except it be the provision of the Constitution of 1921, which is not applicable here, that relieves them of the obligation of furnishing a space for the construction and operation of such roads.
 

 The obligation of the riparian proprietors on navigable streams to leave a space along the front of their lands for levees and roads is a more onerous servitude, extending much further inland, than the servitude created by Civ. Code, art. 455, giving the public the free use of the banks of such streams. The feature of this servitude requiring space for a levee is peculiar to our laws, and the public road feature is of European origin, going back to the laws of the Romans. The latter feature had its birth in the necessity for a towage path along the banks of navigable and floatable water courses. Domat, liv. 2, tit. 8, § 2, art. 9. The statutory recognition of the servitude is found in the French Ordinance of 1669, referred to in Renthorp v. Bourg, 4 Mart. (O. S.) page 123, to the effect that: “Owners of estates, bordering on navigable rivers, ought to leave along the banks a space, at least twenty-four feet wide, for a royal road and towing path.” And in 1818 the Legislature adopted an act, now Rev. Stat. § 3371, enlarging the required space to at least 25 feet. Village of Moreauville v. Boyer, supra.
 

 We are cognizant of the well-settled jurisprudence of the state that the' sufferance or tolerance by an owner of a tract of land in the use'by the public over a period of' years of a road traversing his property does not, of itself, constitute a dedication to the public use and divest 'the title of such owner, but we do not think that jurisprudence is controlling of the case now before us.
 

 The road in dispute, or a road for which it is a substitute, has been in'public use, as shown by "fhe record, for a period of more than, sixty years: How long it was so
 
 *688
 
 used prior thereto does not appear. This cir.cumstanee must he considered in connection with the laws imposing a servitude on the riparian proprietors to open a road or' to leave a space for the opening of a road along the front of their lands. When this is done, we think it warrants the presumption, in the absence of evidence to the contrary, that the road,, or. a road for which it is a substitute, was opened by a former proprietor of the land, originally, along the bank of the river, and, subsequently, after the construction of the levee, inside and along the levee, in discharge of his legal obligations to the general public. By virtue of the statutes and the codal articles hereinabove referred to, the road in dispute became a public road, if not by express, at least by tacit, dedication. Frierson v. Police Jury, 160 La. 957, 107 So. 709.
 

 Nothing we have said herein conflicts with the principles enunciated in Bomar v. City of Baton Rouge, 162 La. 342, 110 So. 497 and Landry v. Gulf States Utilities Co., 106 La. 1009, 118 So. 142. The roads thereinUnvolved were on high lands within the limits of municipalities.
 

 For the reasons assigned, the judgment appealed from is affirmed.