216 So.2d 166 (1968)
WINN PARISH POLICE JURY, Plaintiff-Appellee,
v.
Cleo AUSTIN, Defendant-Appellant.
No. 11098.
Court of Appeal of Louisiana, Second Circuit.
October 31, 1968.
*167 Hiram J. Wright, Winnfield, for defendant-appellant.
Kermit M. Simmons, Winnfield, for plaintiff-appellee.
Before AYRES, BOLIN, and PRICE, JJ.
AYRES, Judge.
In this action for injunctive relief against interference by defendant with the maintenance by the Winn Parish Police Jury of an allegedly public road, the question presented to this court on appeal is whether the road has become in fact a public road by virtue of its maintenance in accordance with the provisions of LSA-R. S. 48-491. From a judgment in favor of plaintiff, defendant appealed.
The statute referred to, so far as pertinent, provides:

"All roads or streets in this state that are opened, laid out or appointed by virtue of any act of the legislature or by virtue of an order of any parish governing authority in any parish, or any municipal governing authority in any municipality, or which have been or are hereafter kept up, maintained or worked for a period of three years by authority of any parish governing authority in its parish or by authority of any municipal governing authority in its municipality shall be public roads or streets as the case may be." (Emphasis supplied.)
There does not appear to be, nor could there be from the facts established in this case, any dispute relative to the fact that the road in question has been maintained for more than the requisite period of time *168 by workmen under the supervision of successive police jurors of the ward in which the road is located and paid for from public funds apportioned among the several wards of the Parish for the purpose of maintaining its roads. Whether this maintenance work was done by authority of the police jury as the governing authority is the focal point of this controversy.
Defendant contends the statute contemplates that the acts of maintenance be authorized by the police jury as a whole, that is, by ordinance or resolution, the only method by which it apparently can act. This position, we believe, is without merit, for the statute obviously contemplates the working or maintenance initially of a private road or passageway. The maintenance of such a road by the police jury with public funds would appear to be clearly beyond the scope of activities in which it may engage. Any formal resolution directing such work would appear ultra vires and without effect.
Within the purview of the statute, a road ceases to be a private passageway and becomes a public road only after it has been maintained for a period of three years. Hence the statute, in our opinion, presupposes, as it necessarily must, that for the period of time specified for the road to become public it remains a private road, at least, that it does not become a public road, a status assumed only after its maintenance for the requisite period of time. Therefore, for the initial statutory period of time while the road remains private, it can only be concluded that any action taken by the police jury as the governing authority, whether by resolution or otherwise, is beyond the scope of its authority. The intention of the statute obviously extended no further and required nothing more than that the work and maintenance be done by appropriate authority, whether legally authorized or not, and accomplished with materials and labor provided from public funds.
Whether the police jury, with respect to parish roads, acts as a unit or on a ward basis, where the funds are apportioned among the several wards of the parish, is a matter of no important concern in the resolution of the issue presented here. We are convinced from the record before us that the Winn Parish Police Jury operates on a ward basis; that funds available for road improvement and maintenance are apportioned among and allotted to the several wards; that the police juror, or jurors, for each ward representing the jury as a whole, employs the necessary labor and supervises the work to be done, and that, finally, both labor and materials used in road maintenance are paid by the parish treasurer out of funds apportioned to the ward in which the work is done.
The defendant contends, in brief, that the maintenance of the road was over his protests. The record discloses that at various times, the dates not established, protests were made to those doing the work and on a few occasions to the individual police jurors of the ward, but never to the police jury until about a year prior to the institution of this action. These protests, if they were of any importance, were not established to have had any effect here in view of the many years the road was maintained without the establishment of the various times the protests were made. Protests made after the road had become public by its maintenance for a three-year period would, of course, have no effect.
The conclusion is therefore inescapable that the maintenance of the road with which we are now concerned was by such authority as the police jury had for the initial three-year period to maintain a private road. This and nothing more was, in our opinion, the intent and purpose of the statute.
Our views, as we have attempted to express them, are in accord with those expressed by our brethren of the First Circuit *169 in Fontenot v. Veillon, La.App., 72 So.2d 587 (1954writ denied), wherein it was held that in a suit to restrain the defendant from interfering with plaintiff's use of certain allegedly public roads the evidence supported a finding that the roads were public by virtue of their having been maintained by the police jury for a period of over three years, notwithstanding that the police jury had no written right of way, that it never adopted a resolution declaring the road public, and that defendant had spent some of his money on the roads and had kept gates across them.
Our views are also in accord with those expressed by our brethren of the Third Circuit in LeBoeuf v. Roux, La.App., 125 So.2d 444 (1960writ denied), wherein it was held that where a roadway widened in excess of a platted width had been shelled and maintained by police jury employees and equipment for more than the three years required for its dedication as a public road under the statute, such dedication extended to that part of the widened road encroaching on defendant's adjoining land, notwithstanding that defendant had not requested nor intended to dedicate any part of her land for the road and did not know that the true location of the boundary of her property included a part of the widened road and that the police jury had not authorized the work on the road by formal resolution.
Distinguishable from the instant case is Starnes v. Police Jury of Rapides Parish, La.App., 27 So.2d 134 (La.App., 2d Cir. 1946), cited by defendant. Involved there was the question of one juror's authority to abandon a public road located in his ward. It was held that the abandonment could only be effected by a formal act of abandonment or by clear and well-established proof of an intent on the part of the governing body to abandon.
The road in the instant case, for the most part graveled, was only a quarter of a mile in length and formed a connecting length between U. S. Highway 84 on the south and a parish asphalt road to the north. Within a period of three years antedating the institution of this action a slight change was made in the roadway at its intersection with U. S. Highway 80. The change was from one side of an electric power pole to the other. The pole was located alongside the north boundary of U. S. Highway 80.
Plaintiff does not complain of the judgment wherein this newly worked portion of the road was returned to defendant's possession. Defendant, however, complains that that portion of the roadway was directed to its former location. This, we think, was proper, for after the roadway had become public its abandonment in whole or in part had not been effected by any formal action of the police jury evidencing a clear and unequivocal intent for such abandonment. Starnes v. Police Jury of Rapides Parish, supra.
Finding no error in the judgment appealed, it is, for the reasons assigned, affirmed at defendant-appellant's costs.
Affirmed.