I,WOODARD, Judge.
This is a property dispute. Mr. E.C. Meyers and his wife filed suit against Mr. Bobby Denton and his wife, their adjacent property owners to the east of their property, alleging that the road crossing the Dentons’ property fronting Little River in Catahoula Parish, Louisiana, was subject to a servitude in favor of the public and that the Dentons should be restrained from closing the road. As adjacent property owners to the east of the Dentons, Mr. Lamar Poole and his wife intervened in the suit, making the same allegations as the Meyers. A temporary restraining order in favor of the Meyers ultimately was dissolved for failure to give proper notice to the Dentons, but a restraining order was granted in favor of the Pooles, prohibiting the Dentons from closing the gates on the road on then' property. This order was later modified. The Meyers filed a motion for summary judgment. The Den-tons opposed the motion. The trial court granted the Meyers’ motion, holding that the road across the Dentons’ property was subject to a riparian servitude in favor of the public and cast the Dentons |9for expert costs in the amount of $1,500.00. The Dentons appeal that judgment. We reverse.
FACTS
The Dentons own a tract of land comprising 552 acres in Catahoula Parish, Louisiana. The southern boundary of their land fronts on Little River. A gravel road on the Dentons’ property runs generally parallel to Little River at some distance from the riverbank. Contending that the road was a private road, the Den-tons installed gates and closed it.
The Meyers also own property on the north bank of Little River adjacent to the Dentons’ tract. The Dentons’ land is to the east of the Meyers’ property. They were not pleased that the Dentons closed the road. They filed a lawsuit, contending that Little River was a navigable stream and that the road located on the Dentons’ land was subject to a riparian servitude, and thus, the road was a public road. They also sought a temporary restraining order to have the Dentons remove the gates from the roadway on their land. This temporary restraining order was granted, later dissolved, and $500.00 in damages were awarded to the Dentons because the Meyers failed to properly notify them of their intent to seek it.
The Dentons answered the Meyers’ petition, denying that Little River was a navigable stream and admitting that a road is located on their property. They denied that the road was a public road or that it was subject to a public servitude and contended that it was private.
Mr. and Ms. Lamar Poole filed an intervention in this suit. They contended that they own property on the north bank of Little River adjacent to the Dentons’ property. Like the Meyers, they alleged that Little River was a navigable stream and that the road in question was a public road and subject to a public servitude. The Pooles sought a temporary restraining order, which was granted, ordering the Den-tons to remove the gates to the road on their property. Shortly thereafter, the restraining order was modified to provide that the gates across the Dentons’ property could be maintained with the condition that the Meyers and the Pooles were provided with keys to the gates.
On March 24, 1998, the Meyers filed a motion for summary judgment, including *636 various affidavits, an 1842 Government Survey of the property fronting Little River, an uncertified map, and certified copies of the Catahoula Parish Police jury’s minutes. _J^In opposition to the Meyers’ motion, the Dentons filed a survey to their property with an affidavit from the survey- or, Mr. James H. Tooke, and another affidavit. The trial court granted the Meyers’ motion, finding that the road in question was a public road and subject to a servitude in favor of the public. The trial court cast the Dentons with all costs of the proceedings, including $1,500.00 for an expert witness for the Meyers. The judgment was signed on January 14, 1999. The Dentons appeal suspensively.
ASSIGNMENTS OF ERROR
The Dentons claim that the trial court erred in:
1. Granting the summary judgment because, under Article 966(C) of the Louisiana Code of Civil of Procedure, there must be no issue of material fact and mover must be entitled to judgment as a matter of law. The trial judge erred because material facts were not proved, and, additionally, the plaintiffs failed to prove irreparable injury, loss, or damage.
2. Misapplying and misinterpreting Powell v. Porter, 135 So. 24, 172 La. 681, (1931).
3. Making the factual determination that the road in dispute is a river road.
4. Giving the expert witness of the plaintiff $1,500.00 based on the submissions made by him.
LAW
Exception of No Right of Action
The Dentons filed a Peremptory Exception of No Right of Action in this court. They allege that the plaintiffs, the Meyers, are not proper parties to this suit and that the river road servitude which they seek to enforce may not be enforced by individuals, but the public authorities only, citing Sauter v. Vidalia, 110 La. 377, 34 So. 558 (1903). While by implication, Sauter might be so construed, such a construction is directly contrary to the plain language of La. Civ. Code art. 458, which gives the right to any person residing in this state to bring an action against a person who builds “works” on “public things.” In the instant case, “works” would be the gates and “public things” would refer to an, allegedly, public road across the Dentons’ property. The petition clearly alleges that the Dentons constructed gates across an, allegedly, | ¿public road crossing their property, and the Meyers are residing in this state. The Den-tons’ exception is denied.
Motion for Summary Judgment
At the outset, we note that appellate courts review summary judgments de novo under the same criteria that governed the trial court’s consideration of whether or not summary judgment was appropriate. Schroeder v. Board of Sup'rs of La. State Univ., 591 So.2d 342 (La. 1991); Soileau v. D & J Tire, Inc., 97-318 (La.App. 3 Cir. 10/8/97); 702 So.2d 818.
The law of summary judgment, implemented in La.Code Civ.P. art. 966, was amended by Act No. 9 of the First Extraordinary Session of 1996. Further, in 1997, the legislature amended La.Code Civ.P. art. 966 to overturn, legislatively, jurisprudence inconsistent with Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96); 685 So.2d 691. In Hayes, we found that the legislature overruled the presumption against the grant of summary judgment. We stated that the amendment “leveled the playing field” by removing the overriding presumption in favor of a trial on the merits, as well as by scrutinizing, equally, the supporting documents submitted by the mover and nonmover.
La. Code Civ.P. art. 966 now provides, in pertinent part, that “[t]he summary judgment procedure is designed to *637 secure the just, speedy, and inexpensive determination of every action.... The procedure is favored and shall be construed to accomplish those ends.” In other words, summary judgment is favored and shall be applied liberally. Townley v. City of Iowa, 97-493 (La.App. 3 Cir. 10/29/97); 702 So.2d 323.
The amended provisions of La. Code Civ.P. art. 966 are procedural in nature and thus, subject to retroactive, as well as prospective, application. Kumpe v. State, 97-386 (La.App. 3 Cir. 10/8/97); 701 So.2d 498.
Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B).
La.Code Civ.P. art. 966, as amended, charges the moving party with the burden of proving that summary judgment is appropriate. In doing so, the moving party’s | [¡supporting documentation must be sufficient to establish that no genuine issue of material fact remains at stake. Such a burden is not unlike that assigned to the moving party before the amendments. Townley, 702 So.2d 323. Once the mover makes a prima facie showing that there is no genuine issue as to a material fact and that summary judgment should be granted, the burden shifts to the nonmover.
The amendments to La.Code Civ.P. art. 966 heightened the nonmover’s burden to rebut the showing made by the mover of the non-existence of a genuine issue of material fact. Townley, 702 So.2d 323. The nonmover must sufficiently establish the existence of an essential element of his claim on which he is to bear the burden of proving at trial. Id. Furthermore, La. Code Civ.P. art. 967 provides, in pertinent part:
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleadings, but his responses by affidavits or otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
The threshold question in reviewing a trial court’s grant of summary judgment is whether a genuine issue of material fact remains. Kumpe, 701 So.2d 498. After which, we must determine whether reasonable minds could conclude, based on the facts presented, that the mover is entitled to judgment. Id. Thus, summary judgment is apropos when all relevant facts are brought before the court, the relevant facts are undisputed, and the sole remaining issue relates to the legal conclusion to be drawn from the facts. Id.
Facts are material if they determine the outcome of the legal dispute. Soileau, 702 So.2d 818. The determination of the materiality of a particular fact must be made in light of the relevant substantive law. Id.
The relevant substantive law here is found in the following provisions of the Civil Code, Revised Statutes and jurisprudence.
La.Civ.Code art. 665 states:
Servitudes imposed for the public or common utility, relate, to the space which is to be left for the public use by the adjacent proprietors on the shores of navigable rivers, and for the making and repairing of levees, roads and other public or common works.
| (¡All that relates to this kind of servitude is determined by laws or particular regulations.
(Emphasis added.)
La. Civ. Code art. 456 states:
The banks of navigable rivers or streams are private things that are subject to public use.
*638 The bank of a navigable river or stream is the land lying between the ordinary low and the ordinary high stage of the water. Nevertheless, when there is a levee in proximity to the water, established according to law, the levee shall form the bank.
(Emphasis added.)
La.R.S. 48:491(0 states:
All roads or streets made on the front of their respective tracts of land by individuals when the lands have their front on any of the river or bayous within this state shall be public roads when located outside of municipalities and shall be public streets when located inside of municipalities.
La.Civ.Code art. 13 states:
Laws on the same subject matter must be interpreted in reference to each other.
In Warner v. Clarke, 232 So.2d 99, 102 (La.App. 2 Cir.), writ denied, 255 La. 918, 233 So.2d 565 (1970) that court stated:
Our courts have repeatedly held that the riparian servitudes are not subject to a broad and liberal construction, as contended by the plaintiffs, but exist “only for that which is incident to the nature and the navigable character of the stream washing the land of such proprietor.” Herbert [Hebert] v. T.L. James & Company, Inc. et al., 224 La. 498, 70 So.2d 102, 106 (1953), quoting from Carollton [Carrollton] R. Company v. Winthrop, 5 La.Ann. 36 (1850); Lake Providence Port Commission v. Bunge Corporation, [(]La.App. [2 Cir. 11/29/66)], 193 So.2d 363.
Thus, construing the above law, riparian servitudes, being in derogation of private property rights, must be strictly construed in accordance with the law and not given a broad, liberal interpretation. Warner, 232 So.2d 99. An Article 665 servitude exists |7in favor of the public across private property, which borders a navigable river, for the construction of a road on the bank, or shore, of the river between the ordinary low water mark and the high water mark of the river. La.Civ. Code arts. 456 and 665. Even if an individual property owner constructs such a road on the riverbank within the ordinary low and high water mark, pursuant to La.R.S. 48:491(C), it is declared to be a public road. If a private road on private property is needed for public use and runs parallel to a navigable river, but not within the ordinary low water mark and the high water mark of the river, it may be expropriated by the proper governmental authority. La. Const, art. I, § 4. In such a case, the property owner will receive just compensation for the property taken.
We now turn to the facts in the record. Based upon our review of the record, there appears to be at least one material fact in dispute which requires our reversal of the trial court’s decision. The Meyers’ evidence included, in part, the certified copy of the minutes of the November 5, 1973 meeting of the Catahoula Parish Police Jury in which a resolution was passed, declaring the Upper Little River Road to be open to the public traffic. The Dentons’ evidence included, in part, a certified survey of their property in the parish bordering Little River. The survey shows a gravel road on the property adjacent to Little River, which follows the meandering of the river, the high and low water marks of the river, and that this road is not within the high and low water marks of the river, but is, instead, at some distance from the river’s banks. The Den-tons’ evidence included the affidavit of Mr. Tooke, a surveyor and engineer. He stated that there are no levees abutting the river on the Dentons’ property and no evidence of a road located between the high water mark and the low water mark and that the existing gravel road is, at its nearest point to the top bank of the river, no closer than 100 feet from the bank. According to the Dentons’ evidence, the road does not appear to be “incident to the nature and navigable character of the stream.” Warner, 232 So.2d at 102.
*639 As the Meyers’ evidence seems to establish that, at least in 1973, the Dentons’ road was public, and the Dentons’ evidence seems to establish that the road is not on Little River’s shore or banks, as defined in La.Civ.Code art. 456, and therefore, the pubhc would not have an Article 665 servitude entithng it to use of the road, there are material facts in dispute that require reversal of the trial court’s grant of summary judgment.
| ^Accordingly, the trial court’s summary judgment is reversed, and this matter is remanded for a trial on the merits. It is unnecessary to address assignments of error two and three. Also, it is unnecessary to address the Meyers’ claim for costs of a frivolous appeal, against the Dentons, pursuant to La.Code Civ.P. art. 2164.
Expert Fees
The trial court awarded the Meyers $1,500.00 in expert fees for an affidavit prepared by its expert witness, Mr. H. James Lossin. The Dentons assign this award as an error. Since expert fees are to be awarded at the conclusion to the trial as costs against the party cast in judgment, in accordance with the provisions of La.R.S. 13:3666, and this matter is being remanded for trial on the merits, the trial court’s award is premature and must be reversed.
CONCLUSION
The trial court’s decisions, granting summary judgment in favor of the Meyers, based on its finding that the road across the Dentons’ property is subject to a servitude in favor of the public pursuant to La.Civ.Code art. 665, and awarding as costs $1,500.00 in expert fees against the Dentons, are reversed because of the existence of material facts in dispute that preclude summary judgment.
REVERSED AND REMANDED.