755 So.2d 907 (1999)
Keelan MONFORE, et ux., Plaintiffs-Appellants,
v.
Thomas W. SELF, Allstate Indemnity Company and Natchitoches Parish Police Jury, Defendants-Appellees.
No. 99-459.
Court of Appeal of Louisiana, Third Circuit.
December 8, 1999.
*908 Charles Schrumpf, Sulphur, for Keelan Menfore, et ux.
Ronald E. Corkern, Jr., Natchitoches, for Thomas W. Self, et al.
Before: YELVERTON, WOODARD and PICKETT, Judges.
PICKETT, Judge.
The plaintiff, Keelan Monfore, appeals the trial court's finding that Beasley Cemetery Road is a private road and that the Natchitoches Parish Police Jury is not liable for the damages suffered by plaintiff while he was riding his ATV on Beasley Cemetery Road and collided into another vehicle on the road. For the following reasons, we affirm the finding that Beasley Cemetery Road is a private road and affirm the trial court's dismissal of this action finding that the Natchitoches Parish Police Jury is not responsible for the maintenance of Beasley Cemetery Road.

FACTS
On June 8, 1996, Keelan Monfore, a 24 year old man, was riding his Honda four-wheeler (ATV) on the trails in the Kisatchie National Forest when he drove onto Beasley Cemetery Road which is located in Natchitoches Parish. Monfore collided with a pick-up truck driven by the defendant, Thomas W. Self. Neither driver saw the other vehicle approaching due to foliage bordering the road. Mr. Monfore was thrown off of the ATV and into the grill of the pickup truck. Mr. Monfore was transferred by ambulance to Rapides General Hospital and then to Huey P. Long Hospital. Mr. Monfore suffered injuries which include: two broken arms, discomfort to his hip, a split chin which required stitches and some loose teeth. Also, Mr. Monfore hit the pick-up truck with enough force to leave an imprint of the Ford emblem on the side of his chest for a few days.
Mr. Monfore filed suit against the Natchitoches Parish Police Jury (Police Jury) and Thomas W. Self alleging that Self was negligent in the operation of his vehicle and the Police Jury was negligent in the manner it maintained Beasley Cemetery Road. Prior to trial, all claims against Thomas Self were settled. The trial court found in favor of the Police Jury and dismissed the action without reaching the question of liability or damages. Plaintiff now appeals.

*909 ASSIGNMENT OF ERRORS
1. The trial court erred in finding that Beasley Cemetery road is not a public road.
2. The trial court erred in finding that the Natchitoches Parish Police Jury is not liable for the damages caused to plaintiffs.

OPINION
The first issue is whether Beasley Cemetery Road is a private or public road. Extensive testimony was presented at trial regarding work done on the road through the years and who performed that work. Appellant argues there has been a tacit dedication of the road to the Natchitoches Parish Police Jury as a result of the maintenance of the road by the Police Jury. Appellant further argues there is a judicial admission of fact, by the Appellee, the effect of which establishes the road at issue is public.
In their petition for damages the petitioner sets forth in Paragraph V "... that the defendant, NATCHITOCHES PARISH POLICE JURY, is responsible to plaintiff for his injuries, for failing to properly sign the road in which the accident occurred, failing to maintain the road in a fashion to which travel could be done in a safe manner, and failing to inspect the road periodically, and protect those persons using the road from potential hazards." The defendant in its answer, denied the allegations of that paragraph. However, in Paragraph X of its answer the defendant sets forth, as an affirmative defense, claimed acts of negligence by the petitioner which caused the accident and allege, among other things, he was "... operating his 4-wheeler on a public road in violation of the laws of this State and Parish ..."
An admission in a pleading falls within the scope of a judicial confession and is full proof against the party making it. La.Civ.Code art. 1853; Smith v. Board of Trustees, 398 So.2d 1045 (La.1981). A judicial confession must be explicit and not merely implied. Hoffman v. Hoffman, 430 So.2d 149 (La.App. 2 Cir.1983).
The allegation set forth in Appellee's affirmative defense that the plaintiff was "... operating his 4-wheeler on a public road in violation of the laws of this State and Parish ..." is not an express acknowledgment that the road upon which this accident occurred is a public road owned and maintained by the Natchitoches Parish Police Jury. That statement is not dispositive of the issue before the court and does not amount to a judicial confession. The Court must, therefore, review the evidence presented.
The trial court determined that Beasley Cemetery Road is a private road. Whether the road is private or public is a factual decision. Sylvester v. St. Landry Parish Police Jury, 461 So.2d 534 (La. App. 3 Cir.1984), writ denied, 462 So.2d 1266 (La.1985). We must determine, therefore, whether the trial court committed manifest error in its ruling. Rosell v. ESCO, 549 So.2d 840 (La.1989); Stobart v. State, Through DOTD, 617 So.2d 880 (La. 1993).
The public may acquire interest in land on which a road is built or in use of a road through purchase, exchange, donation, expropriation, prescription or dedication. St. Charles Parish School Bd. v. P & L Inv. Corp., 95-2571 (La.5/21/96); 674 So.2d 218. In the present case, discussion is narrowed to whether the Police Jury acquired Beasley Cemetery Road by dedication, as no showing was made to establish the Police Jury's acquisition of the road by one of the other modes of acquisition.
Relying on La.R.S. 48:491, the Appellant argues that the Police Jury's maintenance of the road establishes the Police Jury's jurisdiction over the road and duty to maintain the road in a safe manner. La.R.S. 48:491(B)(1)(a) states:
All roads and streets in this state which have been or hereafter are kept up, *910 maintained, or worked for a period of three years by the authority of a parish governing authority within its parish, or by the authority of a municipal governing authority within its municipality, shall be public roads or streets, as the case may be, if there is actual or constructive knowledge of such work by adjoining landowners exercising reasonable concern over their property.
The legal existence of tacit dedication is determined solely by the application of the statutory criteria as enumerated in La.R.S. 48:491. Tacit dedication does not require intent by the landowner to dedicate the roadway if there has been, in fact, sufficient maintenance without protest. However, token maintenance, or an occasional "brushing up" of a private road will not support a finding of tacit dedication. Jackson v. Town of Logansport, 322 So.2d 281 (La.App. 2 Cir.1975).
The evidence presented merely proves the Police Jury, conducted token maintenance of Beasley Cemetery Road for the purpose of providing access to the cemetery, located on that road, for burial purposes. The cemetery the road accesses is a seldom used, private cemetery. The evidence established that in the six years preceding this accident the Police Jury employees graded the road three times and delivered a culvert to a juror who requested it for that road. The employees did not install the culvert. The evidence, in fact, established that although there was regular work done on the road, it was done by someone other than the Police Jury. It was not clearly established who did the maintenance.
We cannot say the trial judge was manifestly erroneous in his evaluation of the evidence presented. We, therefore, affirm his ruling and assess all costs against the plaintiff, Keelan Monfore.
It is unnecessary to address the remaining assignment of error, having affirmed the trial court's ruling as to the ownership status of the road.
AFFIRMED.