|, EZELL, Judge.
The primary issue in this case is whether Upper Little River Road located in Catahoula Parish is a public road. Bobby and Gladys Denton, who own the property on which the road is located, and E.C. and Rose Meyers, who use the road to access their property, all appeal the trial court’s judgment.
FACTS
The Dentons own a 552-acre tract of land in Catahoula Parish next to Little River. They bought a 7/27 interest in the property at a federal court auction in April 1996 and bought the balance in February 1997. When the Dentons bought the property, there was an existing road, called Upper Little River Road, which runs parallel to Little River for some distance. Contending that the road was private, the Denton’s erected gates on the property in 1998.
*761 The Meyers own a 325-acre tract of land, which also fronts Little River, to the west of the Dentons. The Meyers use Upper Little River Road on the Denton property to access their property. The Meyers filed suit against the Dentons seeking removal of the gates arguing that the Denton property was subject to a riparian servitude and that the road was a public road.
Lamar and June Poole, also owners of property to the west of the Denton land, intervened in the suit. As a result of a temporary restraining order filed by the Pooles, the Meyers and Pooles were provided with keys to the gates.
On March 24, 1998, the Meyers filed a motion for summary judgment. The trial court granted the motion, finding that the road in question was a public road and subject to a servitude in favor of the public pursuant to La. Civ. Code art. 665. The Dentons appealed the judgment to this court.
This court reversed the summary judgment finding the existence of disputed material facts. Meyers v. Denton, 99-574 (La.App. 3 Cir. 10/6/99), 747 So.2d 633, writ denied, 00-16 (La.2/18/00), 754 So.2d 974. The case was remanded to the trial court for a trial on the merits.
The trial court determined that the Ca-tahoula Parish Police Jury formally adopted the Upper Little River Road as a public road on November 5,1973, and for a period of more than three years performed maintenance work on the road. The trial court, therefore, found that pursuant to La.R.S. 48:491, Upper Little River Road is a public road. The trial court rejected the Dentons’ claim for unjust enrichment in the amount of $9,592 for improvements made by them to the road. The court found that it did not need to address whether Upper Little River Road was a public river road pursuant to the legal riparian servitude found in Article 665. Both the Dentons and the Meyers appeal these findings.
PUBLIC ROAD
The Dentons argue that the trial court erred in finding that Upper Little River Road was a public road because the evidence indicates otherwise. They claim that the evidence supports a finding that the Catahoula Parish Police Jury did very little maintenance on this road which would support the dedication of this road as a public road pursuant to La.R.S. 48:491.
Whether a road is private or public is a factual determination. Monfore v. Self, 99-459 (La.App. 3 Cir. 12/8/99), 755 So.2d 907.
Louisiana Revised Statute 48:491(B)(l)(a) provides:
All roads and streets in this state which have been or hereafter are kept up, maintained, or worked for a period of three years by the authority of a parish governing authority within its parish, or by the authority of a municipal governing authority within its municipality, shall be public roads or streets, as the case may be, if there is actual or constructive knowledge of such work by adjoining landowners exercising reasonable concern over their property.
Furthermore, discussing the burden of establishing a tacit dedication pursuant |3to La.R.S. 48:491, this court in Monfore, 755 So.2d at 910, stated:
The legal existence of tacit dedication is determined solely by the application of the statutory criteria as enumerated in La.R.S. 48:491. Tacit dedication does not require intent by the landowner to dedicate the road way if there has been, in fact sufficient maintenance without protest. However, token maintenance, *762 or an occasional “brushing up” of a private road will not support a finding of tacit dedication.
See also St. Charles Parish School Bd. v. P & L Inv. Corp., 95-2571 (La.5/21/96), 674 So.2d 218.
The procedure of tacit dedication found in La.R.S. 48:491 was explained by Winn Parish Police Jury v. Austin, 216 So.2d 166, 168 (La.App. 2 Cir.1968), where the court stated:
Within the purview of the statute, a road ceases to be a private passageway and becomes a public road only after it has been maintained for a period of three years. Hence the statute, in our opinion, presupposes, as it necessarily must, that for the period of time specified for the road to become public it remains a private road, at least, that it does not become a public road, a status assumed only after its maintenance for the requisite period of time. Therefore, for the initial statutory period of time while the road remains private, it can only be concluded that any action taken by the police jury as the governing authority, whether by resolution or otherwise, is beyond the scope of its authority. The intention of the statute obviously extended no further and required nothing more than that the work and maintenance be done by appropriate authority, whether legally authorized or not, and accomplished with materials and labor provided from public funds.
Evidence indicated that road was constructed by Knickerbocker Construction for the Corps of Engineers in the early 1970’s. The road was built to facilitate the construction of a low water structure or dam and was constructed and intended to replace an older road closer to the river.
On November 5, 1973, the Catahoula Parish Police Jury minutes reflect the following resolution:
SUBMITTED BY: Maizie Franklin, seconded by Grover Elliott.
WHEREAS, the Upper Little River Road and the portion of Old River Road in Catahoula Parish has been closed to the public traffic,
DWHEREAS, said roads are vital to the Public’s best interest as a Farm-to-market Road,
THEREFORE, The Catahoula Parish Police Jury hereby declares that the Upper Little River Road and the Old River Road in Catahoula Parish to the LaSalle Parish Line be and is hereby open to public traffic.
[[Image here]]
Resolution unanimously adopted this 5th day of November, 1973.
According to Winn Parish Police Jury, this resolution did not dedicate the road as a public road. However, we do see it as evidence of an indication that the Catahou-la Parish Police Jury intended to begin work to maintain the road for public road purposes. Further evidence also indicates that the maintenance of this road has continued to take place on the road located on the Denton property and was even requested by the landowners at times.
Ronald Renfrow, a police juror from 1984 to 1991, testified that all of Upper Little River Road was a public road which had been a school route at one time. He testified that he personally graded the road with his own grader.
Moses Poole testified that he worked off and on for the Police Jury since the 1960’s. In addition to holding the job as motor patrol operator in the 1970’s, Moses was also a road supervisor for two years. Moses testified that he graded the road a *763 number of times to the end when it was an old dirt road with little gravel.
J.B. Morris also maintained roads for the Police Jury. He testified that he first worked for the Police Jury around 1974 for seven or eight years. He remembered the road being constructed before the dam and testified that a foot of gravel was placed on it. The Police Jury would call him every time the road needed grading. He testified that he went on the road and pulled ditches, filled the holes, and fixed the road. Morris graded the road all the way to the dam, which took about two days.
George Walton also worked for the Police Jury as grader operator. He testified | Bthat he graded Upper Little River Road four or five times in 1995 or 1996. He would grade the road past the railroad tracks, which are located on the Dentons’ property, to a timber area. He testified that Morris had shown him where to grade.
The Dentons place a lot of emphasis on a road and bridge inventory that was prepared by Catahoula Parish in 1981 to comply with a legislative act that required a list of public roads for state expenditures. This roster shows Upper Little River Road as 4.3 miles and containing gravel. Upper Little River Road is 4.3 miles from New Deal Road to the east gates located at the beginning of the Denton land. They argue that this is the section of Upper Little River Road that is maintained by the Police Jury and a public road. Testimony revealed that the roster is not necessarily accurate. There was also testimony by Johnny McClendon, the road superintendent since May 1994, that he did not know if more than 4.3 miles was maintained. He simply relied on the information in the roster.
Tillman Gardner, the road superintendent from the early 1980’s until 1989, and from 1990 until 1993, testified that a police juror told him to stop at the 4.3 mark until other information was obtained. He agreed that work may have continued past that point. He testified that the police juror could have been mistaken in telling him to stop there. Libby Ford, the police juror for Ward 6 when Denton acquired the property, testified that Bobby Denton requested that the Police Jury grade the road, which was done. It was only after Denton talked to another police juror who told him that 4.3 miles of the road was maintained that he decided to put the gates up.
Additionally, both E.C. Meyers and Lamar Poole, who have owned the property for forty-three and thirty-six years respectively, testified that they have seen the Police Jury grading the road. It was when the gates were placed on the road, that the road was no longer accessible to the public.
| fiBased on this evidence, we cannot say the trial court was clearly wrong in its assessment of the evidence. The evidence establishes that the Police Jury in the 1970’s intended to maintain Upper Little River Road as a public road and that maintenance was actually performed on the road. We agree that the Meyers and Pooles established that Upper Little River Road located on the Dentons’ property was maintained by the Police Jury for at least three years as contemplated by La.R.S. 48:491, making it a public road. With this finding we agree with the trial court’s decision that there is no need to address the issue of whether Upper Little River Road is a public river road.
UNJUST ENRICHMENT
Since we agree with the trial court that Upper Little River Road is a public road, we will address the Dentons’ disagreement with the trial court’s rejection *764 of their claim for reimbursement against the Police Jury for unjust enrichment. The Dentons claim they are entitled to $9,592 for improvements they personally made to Upper Little River Road.
In 1995, the principle of unjust enrichment was codified in La. Civ. Code art. 2298 and provides in pertinent part:
A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term “without cause” is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.
Corriere v. Bank of Louisiana, 95-3058, p. 17 (La.12/13/96), 702 So.2d 648, 671, listed the five requirements for showing unjust enrichment:
(1) there must be an enrichment; (2) there must be an impoverishment; (3) there must be a connection between the enrichment and the resulting impoverishment; (4) there must be an absence of “justification” or “cause” for the enrichment and impoverishment; and (5) there must be no other remedy at law available to plaintiff.
|7Bobby Denton testified that he made improvements to the road in the form of placing culverts, adding gravel, and maintaining the road since purchasing it. Den-ton relied on the information that one police juror member gave him that only 4.3 miles of Upper Little River Road was maintained by the Police Jury. He admitted that he saw other people using the road. Once Denton placed gates on the property in 1997, the Police Jury could no longer access the road to perform maintenance. Furthermore, in January 1998, when the Meyers instituted this action, Denton was aware that there was a dispute concerning the public or private nature of the road.
We find that the Police Jury was not enriched without cause. Denton knew there was controversy over the status of the road, yet he continued to perform acts of maintenance on the road. The Police Jury could not access the road to perform any necessary maintenance due to Den-ton’s actions in placing gates on the road. Additionally, much of the maintenance he performed was beyond what was necessary for public road purposes in this case. We agree with the trial court that there was no unjust enrichment under the circumstances of this case.
COSTS
Both the Dentons and the Meyers claim that the trial court erred in its assessment of costs. The court fixed the expert witnesses’ fees at $2,000 and assessed one-third each to the Meyers, Den-tons, and Pooles. The Dentons were cast with all other court costs. The Meyers claim that the trial court should have cast all costs on the Dentons, including the expert fees for James Lossin in the amount of $3,050. Lossin is an attorney who qualified as an expert in title work at trial and had checked title on the property for the Meyers. The Dentons complained about any assessment of costs against them under the assumption that this court would find that Upper Little River Road is a private road.
[sThe trial court has great discretion in assessing court costs in any manner it deems equitable. La.Code Civ.P. art.1920.
The trial court may assess costs in any equitable manner, and its assessment will not be reversed on appeal in the absence of an abuse of discretion. However, jurisprudence has also established *765 that when a prevailing party is taxed with the costs of litigation, it is usually because the party in some way incurred additional costs pointlessly or engaged in other conduct which justified an assessment of costs against that litigant.
Ford v. State Dept. of Public Safety, 00-1546, p. 1 (La.App. 3 Cir. 6/5/02), 819 So.2d 1156,1157 (citation omitted).
A review of the record reveals that much of the expert testimony presented to the trial court, including the Meyers’ witnesses, concerned the application of legal precepts involving riparian lands and public and private roads. We cannot say that it was an abuse of discretion to divide expert costs amongst the parties. Furthermore, we find no abuse of discretion in assessing all other court costs to the Den-tons.
For the reasons discussed in this opinion, the judgment of the trial court is affirmed. All costs of this appeal are assessed to the Dentons.
AFFIRMED.