NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-938

DON MIMS, JR. AND DOTTIE MIMS

VERSUS

DICK MOSS AND GLENN MOSS D/B/A M & M CONTRACTORS

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NATCHITOCHES CITY COURT
PARISH OF NATCHITOCHES, NO. 21,943
HONORABLE FRED SCONYERS GAHAGAN, CITY COURT JUDGE

\*\*\*\*\*\*\*\*\*\*

ELIZABETH A. PICKETT
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, James T. Genovese, and Phyllis M. Keaty, Judges.

AFFIRMED.

Glenn Moss
WNC Dogwood C-2
P. O. Box 1260
Winnfield, LA 71483-1260
PRO SE DEFENDANT/APPELLANT

Don Mims, Jr. and Dottie Mims
516 Lindsey Circle
Natchitoches, LA 71457
PRO SE PLAINTIFFS/APPELLEES

**PICKETT, Judge.**

Glenn Moss appeals a judgment of the trial court denying his "Petition for Annulity" without a hearing.

<u>**STATEMENT OF THE CASE**</u>

Don and Dottie Mims hired M & M Contractors, run by father Dick Moss and son Glenn Moss, to build a storage facility for them in 2003. Mrs. Mims paid $7,994.50, which was half of the costs of the project, to Glenn. When Stine Lumber contacted Mrs. Mims to inform her that it had not been paid for materials, Mrs. Mims informed Glenn that he was fired and requested he return the money she had paid him. When he refused, the Mims filed suit in Natchitoches City Court against Dick Moss and Glenn Moss, doing business as M & M Contractors. When neither Dick nor Glenn answered the petition, the trial court granted a default judgment awarding the full amount, plus interest, on April 21, 2004. Notice of this judgment was served on both Glenn and Dick. Dick filed a Motion for a New Trial, claiming that he was not properly served with the petition. He also alleged that he was not in partnership with his son Glenn at the time Mrs. Mims contracted with Glenn to perform work for her. After a hearing, the trial court denied the Motion for a New Trial on July 1, 2004. No appeal was taken, and that judgment is final.

On July 13, 2012, Glenn, now an inmate at the Winn Correctional Center, filed a pro se petition seeking to amend or vacate the default judgment. In this petition, Glenn repeats the allegations raised in his father's Motion for a New Trial that Dick was not a party to the contract with the Mims. He further disputes the amount of the damages, specifically seeking credit for materials and work he performed before Mrs. Mims terminated the contract. Importantly, in this petition,

Glenn states that he "is not disputing the service of Notice[.]"  The trial court dismissed the petition, as a final judgment had already been entered and the delays for a motion for a new trial had long passed.  The motion to vacate the judgment as to Dick and the request for a new trial to recalculate damages were denied, and the petition dismissed.  The trial court denied Glenn's motion for an appeal, as the delays for seeking an appeal expired in 2004.

Glenn responded to the dismissal of his suit by filing a "Petition for Annulity" on October 19, 2012.  In this new filing, he repeats the allegations of his previous petition, but adds a claim that he was not personally served with the original petition, the notice of default, and the final judgment. The trial court summarily denied the new petition on October 22, 2012.  Glenn filed supervisory writs, which this court denied, explaining that the judgment was final, and Glenn had an adequate remedy on appeal.  Glenn then filed the instant appeal.

## ASSIGNMENTS OF ERROR

Glenn Moss asserts five assignments of error:

1.  Whether defendant Glenn Moss is entitled to have the judgment of default set aside due to improper service of the citations upon all defendants?

2.  Whether plaintiffs Mims are entitle [sic] to recover any damages due to their breach of contract causing their own injuries?

3.  Whether defendant Glenn Moss is entitled to recover all costs for work performed; and supplies bought; relocation costs to Gonzales, Louisiana for work due to contract breach?

4.  Whether plaintiff Mims has proved a partnership between defendants Glenn and Dick Moss in order to recover any damages against them in solido?

5.  Whether defendants are entitled to have the judgment annulled due to improper service of citation and judgments?

# DISCUSSION

The first and fifth assignments of error relate to service of process upon both Glenn and Dick Moss. With regards to the service upon Dick, the trial court ruled on this issue when denying Dick's motion for a new trial. That is a final judgment that was never appealed. Therefore, we do not have jurisdiction to review, alter, or amend that judgment. *See Baton Rouge Bank & Trust v. Coleman*, 582 So.2d 191 (La.1991).

With regards to service on Glenn, in his petition filed on July 13, 2012, Glenn admitted that he did not dispute "the service of notice." We find that this is a judicial confession as defined by La.Civ.Code art. 1853. A judicial confession constitutes full proof against the party making it. *Monfore v. Self*, 99-459 (La.App. 3 Cir. 12/8/99), 755 So.2d 907. This assignment of error lacks merit.

As we have determined that Glenn's petition seeking to have the judgment in favor of the Mims is not null because of a vice of form, we move to his remaining arguments that the judgment is null because of a vice of substance. Louisiana Code of Civil Procedure Article 2004 states:

> A.  A final judgment obtained by fraud or ill practices may be annulled.
>
> B.  An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
>
> C.  The court may award reasonable attorney fees incurred by the prevailing party in an action to annul a judgment on these grounds.

"[A] judgment may be annulled for fraud and ill practices when (1) the circumstances under which the judgment was rendered show the deprivation of legal rights of the litigant who seeks relief and (2) enforcement of the judgment would be unconscionable or inequitable." *Succession of Harrell v. Erris-Omega*

*Plantation*, 10-2059, p. 1 (La. 12/17/10), 50 So.3d 158, 158 (citing *Calcasieu Parish Sch. Bd. v. Parker*, 02-339 (La.App. 3 Cir. 10/2/02), 827 So.2d 543, *writ denied*, 02-2719 (La. 1/10/03), 834 So.2d 440). Glenn does not claim that the judgment obtained by the Mims meets either of these criteria. Instead, he rehashes untimely arguments he raised in his first petition filed over eight years after the Mims' judgment against him became final. Glenn has advanced no grounds to support his request that that judgment be declared a nullity. The trial court properly dismissed his petition for nullity.

## CONCLUSION

The judgment of the trial court is affirmed. The defendant, Glenn Moss, is assessed with costs on appeal.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules−Courts of Appeal, Rule 2−16.3.